CALVIN DOWNS AND FRANKLIN DAVIS *v.* ELIJAH F. REED.

*New trial. Justice of the peace. Appeal.*

The fact that an officer in serving a justice writ, with an *ad damnum* not exceeding ten dollars, delivers to the defendant a copy of the writ with the *ad damnum* stated at more than that sum, does not render the suit appealable; nor does the fact that in such a case the defendant appeared, and a judgment was rendered against him under the supposition on his part that he could appeal therefrom, make a case within the power of the county court to set aside the justice's judgment.

The exercise of the power of the county court to set aside the judgment of a justice of the peace in cases within the purview of sec. 8, chap. XXXVI, Comp. Stat., is entirely within the discretion of the court. No error, therefore, can be predicated upon the court's refusal to set aside such a judgment, unless it appear that such refusal was put upon some other ground than the exercise of the discretion of the court upon the facts presented.

51

Downs et al. *v.* Reed.

PETITION, under sec. 8, chap. XXXVI, Comp. Stat. p. 281, to set aside the judgment of a justice of the peace against the complainants in favor of the defendant.

The petition set forth that the writ in the action before the justice demanded in damages ten dollars; that it was served by an officer by delivering to each of the complainants what he certified to be a true copy of the writ, but that in fact the *ad damnum* in the copies was stated at forty, instead of ten dollars; that on the return day of the writ, the complainant Downs was sick and could not attend; that Davis attended with counsel who advised him that, owing to the statement of the *ad damnum* at forty dollars in the copies of the writ, the cause was appealable by himself and Downs; that at the hearing on the return day of the cause the justice directed Reed's attorney to read the writ, and that he commenced doing so, but was stopped by the complainants' counsel, who said it was unnecessary to do so, as the declaration was right; that the cause was then tried before the justice, certain witnesses were examined on the part of Reed, and a judgment rendered for Reed, within two hours after which Davis, in behalf of himself and Downs, applied in due form of law for an appeal from the judgment, which the justice refused to allow, on the ground that the *ad damnum* in the writ did not exceed ten dollars.

Upon the facts set forth in the petition, the county court, at the September Term, 1859,—REDFIELD, Ch. J., presiding,—refused to grant the petition, and dismissed the same with costs to the defendant, to which the petitioners excepted.

———— ————, for the petitioners.

*Davenport & Haskins*, for the defendant.

BARRETT, J. The petition in this case was brought to the county court under sec. 8, chap. 36, of the Compiled Statutes. It shows that the suit before the justice was not *defaulted*, so there could have been no denial of a hearing on the assessment of damages. It further shows that the suit was not appealable, and so the party could not have been prevented from entering an appeal. It shows, therefore a case not within the provisions of

the statute. . The authority of the county court in respect to such a petition is only such as is conferred by the statute. It is not an inherent, incidental power that may be assumed and exercised independently of the statutory provision. On this ground alone the county court was justified in dismissing the petition, and, as matter of strict law, was bound to do so.

But there is another view in which it would seem that the case is not the proper subject of revision in this court. The exceptions do not show that the county court dismissed the petition on account of any supposed lack of authority to entertain it. They state that "the court, upon the facts set forth in the petition, and upon the statement above agreed on, refused to grant the appeal prayed for by the petitioners, but dismissed the same," etc.

The statute places the granting or denying of the prayer of such a petition entirely within the *discretion* of the county court. For aught that appears, the county court dismissed the petition in the exercise of that discretion, upon the facts set forth, irrespective of any question as to the authority of the court to entertain it. If so, then the decision of that court is not revisable here, as is settled by all the cases and the uniform practice upon the subject. The exceptions must show, affirmatively, error in matter of law, in order to give this court the right to reverse the judgment of the county court. If, therefore, it were to be assumed that the petition presents a case within the authority of the court, in order for this court to predicate error in the judgment dismissing the petition, it should appear in the exceptions that the decision was made upon the ground that the county court had not authority in law to entertain it.

Upon either of the foregoing views of the case we should regard it our duty to affirm the judgment. Yet, as the argument embraced the consideration of the question whether the case presented called for, or would justify, the granting of the prayer of the petition, if it was before the court merely as a subject for the exercise of discretion, it may not be improper to add that we agree in the opinion that the petitioner was not deprived of his day in court, in the sense of having been deprived of a trial by the justice, by the fraud, accident or mistake of anybody, unless it may be the mistake of the party himself in not going on with

the trial at the time set, or asking for a continuance till Downs should have become able to attend, or applying to the justice on the day of the court, after it was found that the suit was not appealable, to strike off the entry of judgment, and let the case stand continued till Downs should have got able to attend and testify on the trial. It is not to be assumed that the justice would have wrongfully or unjustly denied such an application if it had been properly made to him. And we think before the party should be permitted to avail himself of the dernier remedy of petition to the county court under the statute, he should show, at least, that he had been denied reasonable and just relief by the justice, upon proper application made to him in that behalf. We are unable to discover any error in the judgment of the county court, even if it be regarded merely as the exercise of judicial discretion.

The judgment is affirmed.