LEVI FINNEY *v.* THEODORE HILL.

RUTLAND,
January,
1839.

Where a party has had notice of a suit before a justice, appears, consents to a judgment and appeals, but neglects to enter bail, in consequence of which execution issues, he cannot be relieved, on petition, under the statute of 1829.

THIS was a petition under the statute of 30th October, 1829, praying the county court to reverse and set aside a judgment rendered by a justice of the peace, in an action of book account in favor of the petitionee against the petitioner, and that said court would hear, try and determine said action, &c.

On the hearing of the petition the county court reversed the judgment of the justice of the peace, and proceeded to hear said case and, upon the report of an auditor, who had been appointed in the progress of the case, rendered a final judgment therein, upon such hearing, in favor of the petitionee, for the sum of forty five cents, to balance book accounts between the parties. The petitionee excepted.

The substance of the petition, and the grounds of a motion to dismiss which was filed in the county court by the petitionee, and overruled by said court, sufficiently appear in the opinion of the court, delivered by

WILLIAMS, Ch. J.—From the exceptions, it appears that Hill recovered judgment against Finney on the 26th of Nov. 1836, before a justice of the peace ; that Finney sent his son to appear for him and take an appeal. The bail was not entered in season, probably from a misapprehension of the requirements of the statute, and execution issued for the amount of the judgment rendered by the justice. To be relieved from this judgment and execution, Finney preferred the present petition. Hill, on the return of the petition, moved to dismiss it for two reasons : 1st, that the court were not authorized to sustain the petition for the reasons therein set forth ; and, 2nd, that the petitioner had not filed with the court a certified copy of the records of the justice's judgment, according to the direction of the statute.

The latter reason is not sufficient. A principal object of requiring the records to be produced is, that they may become a part of the files of the court in case the judgment of the justice is set aside. Should they become necessary, pre-

viously to the hearing of the petition, the court would un-
doubtedly order them to be filed or dismiss the petition.
But, if not wanted for that purpose, the court can make an
order for their production at such time as they think proper.
This is not such a positive requirement in the statute that
the court were bound to dismiss the petition, because the
copies were not filed.

The other reason presents a more formidable objection to
the proceedings of the county court. Hill had obtained a
judgment, which was final and conclusive between the par-
ties thereto, and could only be reversed, vacated or set aside
by some proceeding known to the law. He has never acqui-
esced in the proceedings of the county court. It appears
that he not only excepted to the decision of the county court
refusing to dismiss the petition, but objected to any judg-
ment to account being rendered against him or any auditor
being appointed, and excepted to the decision of the court
rendering such judgment. It remains then to be seen whether
he was correct in his views of the statute, and whether this
court can re-examine the proceedings of the county court.

It is very obvious that the county court cannot set aside a
judgment rendered by a justice of the peace, unless autho-
rized so to do by law. The common law does not give them
any such powers, and it is claimed in this case only as given
by the statute of 1829. On referring to the statute, it is
evident that it makes no provision for a case like the present.
The judgment of the justice was not rendered by default,
and the party deprived of his day in court by fraud, accident
or mistake, for he appeared and consented to a judgment
against himself. Nor has he been wrongfully and unjustly
deprived of a hearing in the action or in the assessment of
damages. He might have been heard either in defence or
in the assessment of damages. If he was not heard, it was
because he did not request it. Nor was any appeal illegally
refused, as the appeal, if he had entered bail, would have
been allowed. And, although it would seem from the re-
port of the auditor that the judgment was for a much larger
sum than was due, yet, if proper attention had been paid
to the action, this would not have happened. We are of
opinion that the statute does not afford relief in a case like
the present. The only remaining question is, whether this

court can re-examine the proceedings of the county court. It is true, that the judgments of the county court on questions addressed purely to their discretion, as in granting or refusing continuances or new trials, cannot be re-examined here. But, when they attempt to act or exercise an authority in a case not within their jurisdiction, or where no authority is given, their proceedings may be revised. Here they set aside a judgment of a justice of the peace, and proceeded to render judgment in a case not legally before them. Their proceedings under the petition were erroneous, as the statute gave them no authority in this case. The judgment of the county court must therefore be reversed, and the petition be dismissed.

R. R. *Thrall*, for petitionee.
S. *Foot*, for petitioner.