### SAMUEL R. BROWN AND THOMAS MILLS *v.* JOHN IRWIN.

When a petition is preferred to the county court, based upon chap. 33, sec. 8, of the Revised Statutes,—which provides, that the county court may grant relief, when the defendant has been unjustly deprived of his day in court by fraud, accident, or mistake, or has been unjustly deprived of a hearing in the assessment of damages, &c.,—the decision of the county court is not subject to revision by the supreme court, unless they err upon some question of law, as applicable to the case.

A decision, in such case, that the facts proved do not make a case within the statute, is subject to revision.

Brown et al *v.* Irwin.

When a party, sued before a justice of the peace, suffers judgment by default, and the case is continued for the assessment of damages, the refusal of the justice to allow the damages to be assessed by a jury is not the denial of a right, which will entitle the party to relief by petition to the county court.

The statute,—Rev. St., chap. 26, sec. 33,—which secures to either party the right of a trial by jury, if demanded, refers to that trial of the issue, which precedes the judgment.

The statute in reference to supreme and county courts,—Rev. St., chap. 25, sec. 32,—which gives the court power to cause damages to be assessed by a jury, after default, does not extend to justices of the peace;—but if it did, it confers upon them only a discretionary power, the refusal to exercise which is no ground of error.

And if the common law, in reference to the assessment of damages by a jury, is in force in this state, as to justices of the peace,—which may be doubted,—that makes the exercise of the power to call a jury discretionary with the court; and it is no ground for relief by petition, that the justice refused to exercise the power.

Tнɪs was a petition to the county court, that the judgment of a justice of the peace in favor of the defendant against the petitioners might be vacated, and the case be entered in the county court for trial,—founded upon chapter thirty three, section eight, of the Revised Statutes.* Trial by the court, March Term, 1847,—Bennett, J., presiding.

It was alleged in the petition, that the defendant, on the twenty sixth day of May, 1846, prayed out his writ of attachment against the petitioners, in which he demanded damages, one hundred dollars, for an alleged breach of contract on the part of the petitioners,

---

* By which it is enacted, that " When a judgment shall be rendered by a justice upon default, and the defendant was unjustly deprived of his day in court by fraud, accident, or mistake, or was unjustly deprived of a hearing in the assessment of damages in such action," &c., * * * " the county court, in the county in which such judgment shall have been rendered, may, on the petition of the party aggrieved, in its discretion, and on such terms and conditions as such court shall judge reasonable, reverse and set aside the judgment of such justice, and proceed to hear, try and determine such action, and make all necessary orders therein, in the same manner as if the same had been brought to such court by appeal.

Brown et al. *v.* Irwin.

in not permitting him to complete certain labor, which they had agreed to permit him to perform at a price agreed upon, and upon which he had commenced,—which writ was made returnable before a justice of the peace, June 29, 1846, and was duly served upon the petitioners; that the petitioners suffered judgment to be rendered against them upon default, and the case was continued, for assessment of damages, to the tenth day of August, 1846; that the petitioners then appeared, and claimed, that the damages should be assessed by a jury; that the justice refused to allow a jury, and again continued the case to September 9, 1846; that the petitioners again appeared at that time, and claimed, that the damages should be assessed by a jury; but that the magistrate again refused to cause a jury to be summoned, and proceeded himself, and, after hearing the parties, assessed the damages at $37,88, and rendered judgment against the petitioners for that amount.

On trial, the court found the facts to be as alleged in the petition, but decided, that this was not a case which would authorize them to exercise the discretionary power, conferred upon them by statute, to vacate the judgment of the justice, and dismissed the petition, with costs. Exceptions by petitioners.

*Platt & Peck* for petitioners.

1. There is but one statute in this state, relating to the manner of assessing damages upon default;—Rev. St., chap. 25, sec. 32.* This refers to suits coming within the jurisdiction of a justice, as well as to suits tried in the county court. If so, the justice, in this case, had the power, at least, to permit an assessment of damages by a jury; and having the power, he was bound, upon the application of either party, to exercise it.

The statute,—Rev. St., ch. 26, sec. 32,—provides, that either party to a suit before a justice shall be entitled to a trial by jury. By "*trial*" is meant the finding of the facts wherein the parties are at issue. The issue may be of all the facts set forth in the plaintiffs'

---

* By which it is enacted, that "When judgment shall be rendered by default or on demurrer in any court, the judges of the court shall have full power by themselves, by the jury in court, the report of the clerk, or the report, on oath, of any person appointed as an inquest by the court, to ascertain the sum due."

declaration, or there may be a denial of only one fact. By a default the cause of action is admitted, but there is still an issue left, as to the amount of damages, and here the party has a right to a trial, and upon that trial he has a right to a jury.

2. But if the statute does not make it peremptory upon the justice to allow the party a jury in such case, then there is no statute, which takes away this privilege, which was a right at common law. By the common law, in all cases where damages are recovered, the damages regularly ought to be assessed by a jury; and if they are not, the verdict shall be void. So, if judgment be by confession, but for no certain sum, in an action sounding in damages, the court cannot assess the damages, but a writ of inquiry should be executed. 3 Com. Dig., Damages E. *Dunbar* v. *Lindenberger*, 3 Mumf. 169. Petersd. Ab., Damages VI., A, note. *Staple* v. *Hayden*, 1 Salk. 216. *Eadem* v. *Lutman*, 1 Str. 612.

*Smalley & Phelps* for defendant.

The case is not within the purview of the statute, under which it is brought. That statute applies to a case, where the defendant " was unjustly deprived of a hearing in the assessment of damages." Here the party had a full hearing, in reference to which no complaint is made, except that it was not by jury. A reference to the justice act shows, that a jury is only provided for upon the *trial* of a cause, and not upon proceedings after judgment. The justice can make up the damages immediately, or when and where he pleases, and without farther notice to the defendant.

The opinion of the court was delivered by

KELLOGG, J. This was a petition preferred to the county court, praying to have the judgment of a justice of the peace in favor of the petitionee and against the petitioners set aside and vacated for the alleged cause, that the justice, after the petitioners had been defaulted and the case continued for the assessment of damages, refused, at the day to which it was adjourned, to call in a jury upon the application of the petitioners, to assess the damages. The petition assigns no other cause of complaint. The county court dismissed the petition, upon the ground that the case did not come within the statute, which, in the exercise of a discretionary power, would authorize the court to vacate the judgment of the justice.

It is now insisted by the petitioners, that the refusal of the justice to award a *venire* in the case, was the denial of a right secured to them by law, and that the case falls within the provisions of chapter thirty three, section eight, of the Revised Statutes. The statute referred to clothes the county courts with a discretionary power to grant relief upon petition, in cases falling within the purview of the statute; but their decisions in such cases are not subject to revision in this court, unless they err upon some question of law, as applicable to the case. It was so held in *Shepley* v. *Scagel,* decided upon the last circuit, in Washington county. The county court, in the case at bar, held, that the case did not fall within the provisions of the statute; and if this is erroneous, it is such an error as may be corrected in this court. The statute, authorizing petitions to vacate the judgments of justices of the peace, *contemplates* cases where the petitioner has been deprived of his day in court, or at least *denied some right* secured to him by the laws of the land. It is not denied, that the petitioners had their day in court, and the question arises, were they deprived of any legal right? The damages were assessed by the justice, upon a hearing of the parties and their proofs.

The statute defining the powers and duties of justices of the peace secures to either party a trial by jury, if demanded; and the term trial, as here used, we apprehend, means that trial of the issue, which precedes the judgment. In the case at bar it appears, that the judgment was rendered upon the default of the petitioners, and the subsequent assessment of the damages was not the trial of an issue, and not the trial contemplated by the statute. This assessment might be made by the court at any convenient time, without any adjournment of the cause, and without even notice to the adverse party. We think it quite clear, that the *justice act,* under the circumstances of this case, did not give to the petitioners the right to have the damages assessed by jury. And even if we were to admit, (which we are by no means prepared to do,) that the justice *might,* in the exercise of his discretion, have awarded a *venire* for a jury to assess the damages, yet we are well satisfied, that his refusal to do it is no ground of error.

But it is urged, that section thirty two of the statute relating to

Brown et al. *v.* Irwin.

county and supreme courts is applicable to the case at bar, and fully authorized the justice to award a jury for the assessment of the damages. This proposition is not admitted. We do not think the section referred to can be applied to the case under consideration. It is limited to proceedings in the county and supreme courts, and is not applicable to proceedings in justices' courts. But if its applicability to proceedings in justices' courts be conceded, it would not avail the party. The denial of a jury in such case, being the exercise of a discretionary power vested in the court, is no ground of error. For if the section above referred to be applicable to proceedings in justices' courts, it necessarily gives to justices of the peace the same discretionary power, as to the manner of the assessment of damages, that the section confers upon the county courts.

It is farther insisted, if there is no statute authorizing justices to assess damages, in cases like the one under consideration, by the intervention of a jury, that, there being no statute denying the right, the right exists at common law, and should, therefore, have been granted by the justice.

The common law has been adopted in this state, so far as it is applicable to our situation and circumstances and is not repugnant to the constitution and laws of the state. But whether the provisions of the common law, in relation to the assessment of damages in suits where judgment is rendered upon default, have been adopted, may well be doubted. The thirty second section of the statute relating to the county and supreme courts provides a mode for the assessment of damages in such cases, somewhat different from the common law; and hence, we conclude, that *those courts* can only assess damages *in the manner provided by the statute.* If this part of the common law has been adopted here, and is applicable to such cases in justices' courts, (which we would by no means intimate,) it is certainly quite remarkable, that no instance is known to have occurred in the state, in which justices, upon judgment by default, have resorted to the intervention of a jury to ascertain the damages. This fact may well lead us to doubt, whether justices of the peace, in such cases, have authority to award a writ of inquiry according to the course of the common law. But if it be admitted, that they have such authority, we do not think the admission would avail them in the case at bar.

10

It is said by Comyn, in his Digest, that in all cases where *the issue* is tried by a jury, and damages are recoverable, the damages regularly ought to be assessed by the jury; and if they do it not, where damages only are recoverable, the verdict shall be void. And he farther remarks, that, if the jury who try the *issue* omit to assess the damages, "the omission cannot be supplied by a writ of inquiry;" and he assigns as a reason for it, that "the defendant will lose the benefit of a writ of attaint, if the damages are excessive." The same author, (Comyn,) says, "When there is judgment *without any issue tried,* damages shall be assessed by *the court,* or by a writ of inquiry." 3 Com. Dig., Tit. Damages E, 1 and 2. In *Bruce* v. *Rawlins,* 3 Wils. 61, on motion to set aside the inquisition on a writ of inquiry, for excessive damages, in an action of trespass, Chief Justice WILMOT is reported to have said, "This is an inquest of office to inform the conscience of the court, who, *if they please, may themselves* assess the damages." In *Hewet* v. *Mantell,* 2 Wils. 374, the learned judge declared to the same effect. From these authorities it would seem, that, in cases like the one under consideration, by the common law, the damages might be assessed *either by the court,* or *by jury upon a writ of inquiry.*

In the case at bar the justice, instead of awarding a writ of inquiry to inform his conscience, saw fit to assess the damages himself. And we hold that he had a right so to do.

The judgment of the county court is therefore affirmed.