HON. JAMES BARRETT,  
HON. HOMER E. ROYCE, } ASSISTANT JUDGES.  
HON. JONATHAN ROSS,

---

### BURBECK *v.* LITTLE.

*Petition for Allowance of Appeal from Probate of Will. Gen. Sts. c. 38, s. 5.*

A petition under s. 5, c. 38, Gen. Sts., for allowance of an appeal from the probate of a will, alleged that the petitioner was the niece and one of the heirs-at-law of the testator; that by reason of "the accident" of "residing out of the State" she did not hear of the testator's death, nor of the probate of his will, until after it had been probated and the time for appeal had elapsed, although notice of probate was duly published. On demurrer to the petition, *held*, that there was no accident within the meaning of the statute, and that the petition could not be maintained.

Material facts were not alleged with time, nor did it appear, either expressly or by implication, that the petition was brought within the time prescribed by statute. *Held*, fatal on demurrer.

PETITION to the County Court for leave to enter an appeal from the probate of the will of Hiram Little by the Probate Court for the District of Bradford.

90

The petition alleged that the petitioner, who resided in Boston, Mass., was the only daughter of Mary S. Burbeck, sister of the testator, and one of the testator's several heirs-at-law; that, as the petitioner was informed, the testator made a will, by which he gave his property to other of his heirs than the petitioner; that the petitioner had reason to believe, and did believe, that said will was made under undue influence from interested persons; that a notice of probate was published in some paper in the county, and the will admitted to probate, but that the petitioner "by the accident" of "residing out of the State," never saw the notice, nor had any knowledge thereof; that those proceedings were had before the petitioner knew anything of them, or of the testator's death; that the petitioner desired to appeal from the probate of said will, but that although administration had not been closed, the time for appeal had elapsed. Prayer for an appeal.

Defendant demurred to the petition. The court, at the June Term, 1877, POWERS, J., presiding, sustained the demurrer, and adjudged the petition insufficient; to which the petitioner excepted.

*Roswell Farnham*, for the petitioner, cited Gen. Sts., c. 38, s. 5.

*Orin Gambell*, for the petitionee.

The opinion of the court was delivered by

BARRETT, J. This is a petition to the County Court for the allowance of an appeal from the probate of the will of Hiram Little by the Probate Court for the District of Bradford. The ground of the petition is, that the petitioner, by reason of residing in Boston, Mass., did not see the published notice for the probate of the will, nor did she hear of the death of Mr. Little, till after the time for taking appeal from the probate of the will had gone by. This petition is brought under our statute for relief, where, by reason of fraud, accident, or mistake, the petitioner has failed to take an appeal in due time and form.

The petition being demurred to, the question is, whether it shows a case in which the County Court could lawfully, in the

exercise of discretion in that behalf, grant the prayer of the petition. The court did not exercise discretion, but it virtually decided that the petition did not present a case in which it could lawfully grant the prayer. The court can exercise its discretion only in cases that fall within the provisions of the law authorizing the proceeding.

It is claimed that the petition shows that the petitioner failed to take an appeal by reason of *accident*, within the meaning of that term as used in the statute.

It is not shown or claimed that anything happened to her, to cause a miscarriage of, or to hinder or thwart, any effort or measures she was in the process of executing for the purpose of taking an appeal. She had not arranged with anybody to notify her of the death of Mr. Little. She had not ascertained, or taken any measures to ascertain, whether he had made, or was likely to make, a will that would affect her as his heir or otherwise. So, of course, she had done nothing to enable herself to do anything in case he should make a will, and the same should be presented for probate. All there is to it, she lived in Boston, and did not happen to hear anything about the death or the will of Mr. Little till after the time for appeal had gone by. We cannot regard that as being such an accident as is meant by the statute referred to. It was only an incident of her *status* as to residence, and not anything interposing to prevent or thwart her in effectually doing what she designed, and had done something towards doing, or to prevent or thwart something being done to her, or in her behalf, which somebody was under obligations to her to do, or that she expected would be done.

The provisions of the law as to notice in such a case were complied with. The proceeding was according to law in all respects, and being in the nature of a proceeding *in rem*, it binds everybody by its legal effect.

The petitioner may suffer as the result of her residence in Boston, and of not having made any provision for seasonably looking after the interests of her heirship of Hiram Little; but it is not by reason of *accident*, in the sense of the statute on which the petition is brought.

There is another ground on which the demurrer was properly sustained. The petition does not show by express statement, or by implication and inference, that it was brought within the time prescribed by the statute. It is drawn in disregard of the primary rule in pleading, that time should be alleged for every material fact; and further, in entire oversight of the necessity of showing, by the averments of time, that the case is within the statute on that score.

Judgment affirmed.