## JULIA A. CONGDON v. J. M. CONGDON.

*Fraud. Accident or Mistake. Statute,—R. L. s. 1426.
Appeal from Decree of Probate Court.*

Under the statute,—R. L. s. 1426,—affording relief to one who has been prevented
from taking an appeal by fraud, accident or mistake, a widow, living in an-
other state, where her husband deceased, leaving an estate there and also a
farm in this State, occupied by his parents, and his mother having a life lease
of it, is entitled to an appeal from the decision of the Probate Court, allowing
a claim against the estate, when the widow did not know that administration
had been taken here, and she was not wanting in reasonable diligence and was
justified in supposing that nothing was necessary to be done to protect her in-
terest; and this on the ground that there was a mistake within the meaning of
the statute.

PETITION under section 1426, R. L. Heard on demurrer to
the petition, September Term, 1886, Ross, J., presiding. As
a matter of law and not of discretion, the court sustained the
demurrer, and adjudged the petition insufficient.

*H. C. Wilson* and *L. H. Thompson*, for the petitioner.

*J. L. Lewis* and *C. A. Prouty*, for the defendant.

The opinion of the court was delivered by

VEAZEY, J. The decision of the County Court was evident-
ly based on the theory that the statute does not cover the case
as made by the petition, as it was a decision as matter of law
and not of discretion. The court could not exercise its discretion
unless the facts alleged brought the case within the provisions
of the law authorizing the proceeding. This remedy is limited
to cases where "the petitioner has been prevented from taking
or entering an appeal by fraud, accident or mistake" R. L.
sec. 1426.

(1.) The fraud alleged pertained to the allowance of the

Congdon v. Congdon.

claim, and did not intervene to prevent taking or entering an appeal. The statute does not make it the duty of administrators to notify all parties personally, in interest in an estate, of the presentation or allowance of claims and that he declines to appeal. All the notices which the law requires were given. The failure of the petitioner to appeal was not induced or influenced by any act of the claimant or administrator. Their alleged fraud did not *prevent* the appeal.

(2.) The petitioner living out of the State and not hearing of the proceedings taken on her husband's estate in Vermont, was not such an *accident* as is contemplated by the statute. *Burbeck* v. *Little*, 50 Vt. 713. Nothing happened to mislead her, or to hinder or prevent any proposed action on her part, in respect to an appeal. Accident in the sense of this statute cannot be predicated when all the provisions of law as to notice are complied with, and all the proceedings regular, and nothing happens to the individual contrary to intention and the usual course.

(3.) Was there a *mistake* within the meaning of the statute? The petitioner's mistake was in supposing nothing was necessary to be done on her part in reference to her deceased husband's property in Vermont, in order to protect it and her interest therein. If she was reasonably justified in this assumption we think it was such mistake as this statute was designed to remedy. It is a remedial statute and should be liberally expounded and administered. In *Sleeper* v. *Crocker*, 48 Vt. 9, PECK, J., in discussing section 1428, R. L., which provides for setting aside justice judgments, and for appeals, in case of fraud, accident or mistake, says : " There is no reason why a court of law should not grant relief in cases of this kind wherever a court of equity, if it had jurisdiction of such cases, would be warranted in granting such relief."

The situation of the petitioner as shown by the petition which was demurred to, was this : She lived in Boston, Massachusetts. Her husband had died there without issue, leaving an estate amounting to several thousand dollars, which was in

regular process of administration in the Probate Court having jurisdiction. Previous to his decease he had made provision for the support of his parents in Vermont, where they lived, by a life lease of a farm to his mother; and aided them further by permitting them to use the personal property thereon belonging to him, and by constantly furnishing other means. The petitioner alleges that her husband owed no debts in Vermont at his decease. After that, the parents continued to live on said farm as before and in the use of the personal property thereon. The petitioner had no suspicion of fraudulent practices against her husband's estate in Vermont. She had no occasion to believe and did not suppose it was necessary to have administration taken thereon until the termination of the life lease. These were the circumstances under which she neglected to guard herself and the estate against that which is alleged to have been a fraudulent claim of her husband's father. This was the mistake she made. If the neglect, such as it was, was the lack of reasonable diligence, she has no remedy under this statute, as repeatedly held. *Babcock* v. *Brown*, 25 Vt. 550. The attitude and relation of these parties as revealed in the petition would naturally inspire implicit confidence. The question comes to this : Was it negligence for this widow thus situated to be unguarded and not watchful against the fraud of a parent who had thus lived and was continuing to live uninterruptedly upon the charitable provision of the deceased son? We think the mistake was natural and even commendable, such indeed as a prudent man would be likely to make under like circumstances. The relief sought is not to deprive of a right to prosecute a claim, but to prevent a wrong, by restoration to the previous condition.

The facts distinguish this case widely from that of *Burbeck* v. *Little, supra.* That case was put in the petition solely on the ground of *accident,* and disclosed nothing upon which to found a mistake.

We hold that the facts stated in the petition bring the case within the purview of the statute; but·as the petition was ad-

dressed to the discretionary action of the County Court, by force of the statute, it must be returned to that court. ·

Judgment reversed and cause remanded.