## ORVIS P. CILLEY *v.* CHARLES FLANDERS' ESTATE.

*Petition for an appeal from Probate Court under R.L.s.* 1426.

The petition for an appeal from the Probate Court, provided for by R. L. s. 1426, must be brought to the next term, or the next term but one after the happening of the fraud, accident or mistake, and not after the same becomes known to the petitioner.

This was a petition for leave to enter an appeal from the judgment of the Probate Court in accepting the report of commissioners, and was brought under R. L. ss. 1426 and 1427. The petition was returnable to the December Term of the Orange County Court, 1887. The defendant filed a demurrer, which, at the June Term, 1888, POWERS, J., presiding, was overruled, and he now excepts.

The petition alleged, in substance, the following facts : That the commissioners on Charles Flanders' estate returned their report to the Probate Court in April, 1885 ; that claims had been presented by him against said estate, and by the administrator in offset thereto ; and that the commissioners informed him that they had allowed a balance of forty dollars in his favor ; that such was the first allowance of the commissioners and such their report ; that subsequently they received back their report, considered the matter further, and allowed a balance of $80.69 against him and in favor of the estate ; that he never received any notice of these subsequent proceedings, nor any intimation that any sum had been allowed against him until the administrator applied to him in July, 1887, for the payment of such sum; that the allowance against him was unjust, and that he had been deprived of his right of appeal by the above fraudulent acts of the commissioners and administrator, or their mistake in not giving him due notice in the premises.

*J. D. Denison,* for the defendant.

Cilley v. Flanders' Estate.

The petition must show a cause of action. It does not. The petition was brought in 1887, and the fraud or mistake occurred in 1885. The statute is imperative that it must be brought to the next term or the next but one. R. L. s. 1427; *Burbeck* v. *Little*, 50 Vt. 713.

*Lamb & Tarbell*, for the petitioner.

The fraud did not happen within the contemplation of the statute until it was known to the petitioner.

The opinion of the court was delivered by

TAFT, J. This was a petition under R. L. s. 1426 to enter an appeal from the decision of commissioners. The time limited for taking the appeal expired in April or May, 1885. The petition was preferred to the December term of the County Court, 1887, five terms intervening between the alleged fraud, accident or mistake and the bringing of the petition. Therefore the petition cannot be sustained, for R. L. s. 1427 provides that it must be preferred at the first or second stated term of the court to which it is preferred, after the fraud, accident or mistake happened. Fraud, accident or mistake cannot happen after the time for taking an appeal has expired which can operate to prevent the taking of one.

The fact that the petitioner did not discover the fraud, accident or mistake until the time for preferring his petition has expired does not aid him. The statute is imperative; the petition must be preferred at the first or second stated term after the fraud, accident or mistake happens, not after the time when they are discovered.

Whether the facts alleged in the petition presented a case within the statute, which was the only question passed upon in the court below, was a strict question of law, and is reversable in this court.

*Judgment reversed, petition dismissed with costs.*

Ross, J., having heard the demurrer to the original petition, did not sit.