## EAST MONTPELIER v. MONTPELIER.

GENERAL TERM, 1892.

*Petition for appeal from judgment of justice.    Mistake as to return day.*

The county court may, in its discretion, allow an appeal from the judgment of a justice of the peace defaulting the defendant, where such defendant, a town, failed to appear because its clerk, upon whom service was made, mistook the writ for a county court writ, and did not notify the town agent of the return day.

This was a petition for an appeal from the judgment of a justice of the peace.    Trial by court at the March term, 1892, Washington county, THOMPSON, J., presiding.    The court allowed the appeal and the petitionee excepted.   · The opinion states the case.

*S. C. Shurtleff* for the petitionee.

The petitioner was deprived of its day in court by the

negligence of its town clerk, and not by fraud, accident or mistake. *Babcock* v. *Brown*, 25 Vt. 550; *Davison* v. *Heffron*, 31 Vt. 687.

*J. H. Senter* for the petitioner.

The town clerk made a mistake, and whether such a mistake as entitled the petitioner to relief, rested in the discretion of the county court, whose decision is final. *Mosseaux* v. *Brigham*, 19 Vt. 457; *Brown* v. *Irwin*, 21 Vt. 68; *Burton* v. *Barlow*, 55 Vt. 434; *Lilley* v. *Lilley*, 56 Vt. 714; *Munger* v. *Verder*, 59 Vt. 386; *Insurance Co.* v. *Reynolds*, 52 Vt. 405; *Down* v. *Reed*, 32 Vt. 787; *Kimball* v. *Kelton*, 54 Vt. 177.

TYLER, J.   This was a petition to the county court under Section 1,428, R. L., to be allowed an appeal from the judgment of a justice of the peace rendered by default. This section provides that the county court may, in its discretion, set aside such judgment when a party has been unjustly deprived of his day in court by fraud, accident or mistake, and hear and determine the action, etc.

The exceptions state that the court heard the evidence, and found the facts "which appeared by the testimony and concessions in the case." The only testimony was that of the petitioner's town clerk, which was that a writ was served upon him in the suit of *Montpelier* v. *East Montpelier;* that he did not examine the copy particularly, supposing it to be a copy of a county court writ; that it was in fact "a justice's writ in broad letters;" that he did not look at it to see when it was returnable, but filed it and laid it aside, and did not notify the town agent in season for him to attend to the suit, and did not think of it again before the judgment. It was conceded that the petitioner would have appeared and made defence to the suit if the agent had received no-

tice of its pendency, but it was not conceded that there was a good defence.

The petitioner's counsel contends that the granting of the appeal by the court below was wholly in its discretion and not revisable here, which contention is sound if the case presented falls within the section of the statute referred to. The petitionee's counsel claims that the evidence discloses gross negligence by the petitioner's town clerk, and that the petitioner has no remedy under this statute.

The statute is remedial, and as was said by Hall, J., in *Mosseaux* v. *Brigham*, 19 Vt. 457, it confers upon county courts the same power in examining the proceedings of a justice, in cases within the statute, which they might exercise in examining their own proceedings. In *Scott* v. *Stewart*, 5 Vt. 57, it was said that the power to set aside a default, either at the term in which it is entered or at a subsequent term, is incident to the court where the default is entered, and is addressed solely to the discretion of the court. Under this common law power it was held, in a case where the defendant's attorney mistook the day on which the term of court began, that it was within the discretion of the county court to order the cause brought forward on the docket, a judgment by default stricken off, and to allow the defendant to enter and defend the suit. *Fire Ins. Co.* v. *Reynolds*, 52 Vt. 405.

In this case the court found the fact of a mistake on the part of the town clerk, which finding brought the case within the statute. Whether the mistake was of such a character in respect to negligence as justified the court in setting aside the judgment rested in its discretion. No question of law is presented by the exceptions. The court apparently acted in the exercise of its discretionary power. *Burton* v. *Barlow's Estate*, 55 Vt. 434; *Lillie* v. *Lillie's Estate*, 56 Vt. 714; *Downs et al.* v. *Reed*, 32 Vt. 785.

*Judgment affirmed.*

Munson, J., dissents.