## JACKSON M. PERRY *vs.* A. I. WRIGHT.

### May Term, 1898.

Present:   ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*V S. 1667—Failing to enter appeal through mistake of law.*

V. S. 1667, giving the county court discretionary power to allow a party to enter his appeal when he has been prevented from doing so by fraud, accident or mistake, applies to a mistake of law as well as to one of fact, e. g., where the appellant fails to enter his appeal through ignorance of a change in the law governing the time within which appeals must be entered.

PETITION for leave to enter an appeal from the judgment of a justice under V. S. 1667.   Heard at the September Term, 1897, Essex County, *Thompson,* J., presiding.   Leave granted.   The petitionee excepted.

*Harvey & Brewer* and *George N. Dale* for the petitionee.

*Dunnett & Slack* for the petitioner.

Ross, C. J.   The petitioner, in due form, took an appeal to the county court from the judgment rendered against him by a justice of the peace.   Solely through a mistake in regard to the time when he was bound by law to enter his appeal, he failed to enter it at the time required by the statute.   The petitioner knew that the law had required him to enter his appeal the first day of the term of the county court, and did not know that the law had been changed. The county court, in its discretion, allowed the petitioner to enter his appeal against the exception of the petitioner. In substance, the petitionee contends that this was a mistake arising from the petitioner's ignorance of the law, and not a cause for relief under V. S. 1667.   This statute gives the county court discretionary power to allow a party, who has been prevented from taking or entering his appeal, by fraud, accident or mistake, to enter such appeal.   The

statute does not require that the mistake should be of any particular kind or quality, nor occur in any particular way, to enable the county court to exercise the discretionary power conferred. The statute has always been held to be remedial, intended to confer discretionary power to grant relief in all cases which fall within the terms of the statute. It has often been held to apply when the mistake depriving the party of his appeal has arisen from his or his agent's or attorney's ignorance of the requirements of the law.

In *Burton* v. *Estate of Barlow*, 55 Vt. 434, in taking his appeal, the petitioner filed a bond which he supposed met the requirements of the law, and which was accepted by the probate court. In the county court his appeal was dismissed because his appeal bond did not answer to the requirement of the law. For this mistake, this court held that the county court could exercise the discretionary power conferred by this statute, and grant him relief. To like legal effect is *Lillie* v. *Lillie*, 56 Vt. 714, and *Fire Insurance Co.* v. *Reynolds*, 52 Vt. 405. In the last case the court allowed a default to be stricken off against the exception of the plaintiff, because the defendant's attorney mistook the day on which the term of the county court began, the same having been changed by statute. In the opinion it is treated as analagous to the relief authorized by this statute. In *East Montpelier* v. *Montpelier*, 65 Vt. 193, the mistake arose by the failure of the clerk of the town, on whom the writ was served, to examine the copy served on him, and determine that the town was therein lawfully commanded to appear before a justice court, rather than as he supposed, the county court. This was a mistake arising from the clerk's ignorance of the requirements of the law when the requirements of the law were embodied in the copy of the writ served on him. Yet the town was granted relief under this statute.

*Judgment affirmed.*