## NELLIE C. GREEN v. J. H. McLOUD COMPANY.

### October Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed November 8, 1913.

*Justice of the Peace—Failure to Take Appeal—Relief—Petition —Allegations—Certainty—Default Judgment—Vacating— Discretion of Court.*

Every material allegation in a petition under P. S. 2023 for relief from failure by mistake to perfect an appeal from the judgment of a justice of the peace must be alleged positively and with certainty, regardless of the personal knowledge of the pleader.

Whether a petition for relief from failure by mistake to perfect an appeal from the judgment of a justice of the peace is sufficiently verified will not be considered on review, where that objection was not made a ground of the demurrer below.

Under P. S. 2023, providing that when a party is prevented by fraud, accident, or mistake from entering an appeal from the judgment of a justice of the peace the county court may, on petition, grant relief, where petitioner failed to perfect such an appeal because of her agent's ignorance of the statute requiring appellant to furnish bail, petitioner was properly allowed to enter her appeal in county court.

Whether the mistake by which a party was prevented from entering his appeal from a judgment of a justice of the peace was so negligent as to require the county court to refuse to set aside the judgment on petition for relief rests in its discretion.

PETITION for leave to enter an appeal from a judgment of a justice of the peace. Heard on a general demurrer to the petition, at the June Term, 1913, Caledonia County, *Stanton,* J., presiding. Demurrer overruled and the petition adjudged sufficient. The petitionee excepted. The opinion states the case.

*Dutton & Mulcahy* for the petitionee.

*A. D. Kimball* and *Harland B. Howe* for the petitioner.

Powers, C. J.   The county court overruled the demurrer to this petition, which is brought under P. S. 2023, commonly called the Fraud, Accident and Mistake Statute.   The petition shows that the defendant brought a suit against the petitioner returnable before a justice of the peace; that she was ill at the time, and entrusted one Forrest Green with the care of her case; that he appeared for her at the time and place appointed for trial, and asked for and was granted a continuance; that he again appeared for her on the new day set for trial, and, she then being too ill to attend, asked for another continuance, which was denied by the court; that he then allowed the plaintiff in that suit, (the defendant here), to take judgment against the petitioner; that within two hours thereafter, Green asked for and was granted an appeal to the county court, and paid the justice his fee therefor, but being ignorant of the requirements of the law in that behalf, did not offer or furnish bail according to the statute.   And it is alleged that by reason of the accident of the petitioner's illness, and through the mistake of her agent in not entering bail, she has lost her appeal, and she prays to be allowed, under the statute, to enter the same in the county court.

The defendant says that the allegations of the petition, properly considered, do not bring the case within the statute; that the demurrer does not admit the allegations made on information and belief, and that these should be ignored.   But there are no facts so alleged.   It may be that some are alleged of which the petitioner could not have personal knowledge, and which must have been charged upon information communicated to her by her agent; but these are well pleaded, for the rules require every material allegation to be alleged positively and with certainty; and as a matter of pleading, the personal knowledge of the pleader is immaterial.   *State, ex rel.* v. *Green,* 87 Vt. 94, 88 Atl. 515.   Whether or not the petition is sufficiently verified is a question not before us, since it was not made below.

The defendant also says that it was decided in *Finney* v. *Hill,* 11 Vt. 233, that the facts set forth in this petition are insufficient.   But that case arose under a statute quite different from the one now in force.   It provided, so far as need be here recited, that whenever an appeal from the judgment of any

justice of the peace should be illegally refused, the county court might, on petition, grant relief. And that was all there was to it. No. 1, Acts of 1829. No question of fraud, accident or mistake entered into or affected the matter,—so far as that part of the statute referred to was concerned. Under that statute it was properly held that one whose agent appeared, consented to judgment, and appealed, but neglected to enter bail, was not entitled to relief, for the reason that an appeal was not illegally refused. The statute now in question, is much more liberal. It provides, omitting as before the inapplicable parts, that when a party "is prevented from entering an appeal from the judgment of a justice by fraud, accident or mistake,". the county court may, on petition, grant relief. P. S. 2023.

The mistake of this petitioner's agent arose as a consequence of his ignorance of the law governing appeals from judgments of justices of the peace. Such a mistake is one for which the statute affords a remedy.

In *Harriman* v. *Swift,* 31 Vt. 385, in holding that *audita* was not a proper remedy in such cases, Judge Barrett gave a broad and unmistakable intimation that a petition like this one would lie, saying: "We think, at most, that the case shows a lack, on the part of the plaintiff, of a due apprehension of what was necessary for him to do in order to cast the duty on the magistrate of allowing the appeal. Probably it was a mere mistake, and might have been a very proper case for relief under the statute."

In *Perry* v. *Wright,* 70 Vt. 615, 41 Atl. 971, the appellant failed seasonably to enter his appeal through ignorance of a change in the law. It was held that he was entitled to relief under the statute; and that the word "mistake" therein covered a mistake of law as well as one of fact,—several of our cases to that effect being referred to. And it is held that the question whether a mistake is of such a character in respect of negligence as justifies the court in setting aside a judgment ordinarily rests in its discretion. *East Montpelier* v. *Montpelier,* 65 Vt. 193, 26 Atl. 112.

*Judgment affirmed and cause remanded.*