IN RE ANDREW C. BROWN'S ESTATE.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 6, 1914.

*Petition For Leave to Enter an Appeal—Examination of Merits —Review—Presumptions.*

On hearing of a petition to county court for leave to enter an appeal from a decision of commissioners allowing a claim against a decedent's estate, on the ground that the appeal was prevented by accident or mistake, it is not error to admit evidence which not only negatives petitioner's claim that petitionee's case is disputable, but shows that petitioner has no defence thereto.

On review error below will not be presumed, and so, on a petition for leave to enter a belated appeal to county court from the allowance by commissioners of a claim against a decedent's estate, it cannot be presumed that the court below gave no evidential effect to the allegations of the verified petition merely because the findings state that it did not appear, except from the petition, whether petitioner believed the claim to be just or unjust.

PETITION for leave to enter a belated appeal from a judgment of the probate court.  Trial by court at the September Term, 1913, Washington County, *Butler*, J., presiding.  Petition

dismissed with costs to the petitionee. The petitioner excepted. The opinion states the case.

*H. C. Shurtleff* for the petitioner.

*Fred L. Laird* for the petitionee.

MUNSON, J. This is a petition for leave to enter in the county court an appeal from a decision of the commissioners on the estate of Andrew C. Brown allowing a claim in favor of the estate of Lucia G. Brown,—on the ground that the petitioner was prevented from taking an appeal by accident or mistake. The petitioner is Rome G. Brown, a son of the decedent, residing in Minnesota; and he employed Mr. H. C. Shurtleff to contest the claim and take an appeal in case of an allowance. Mr. Shurtleff arranged with one of the commissioners to inform him when the report was filed, but the commissioner forgot to do so, and Mr. Shurtleff did not learn of the filing until after the time for taking an appeal had expired. The petition is sworn to, and contains an averment that the petitioner believes the claim to be an unjust one. The petitioner was not present at the hearing.

Joseph G. Brown, another son of Andrew C., was administrator of Lucia G.'s estate, and the claim allowed her estate was for the proceeds of a mortgage which Joseph claimed his father received. From evidence received against the petitioner's exception, the county court found that Rome G. Brown appealed from the allowance of his father's will; that while this appeal was pending there was some controversy between the brothers as to whether Joseph or his father had the proceeds of the mortgage; that the will contest was finally settled, and that in connection with this an understanding was had regarding the mortgage, in pursuance of which Joseph afterwards showed Rome some vouchers and the matter was settled.

The petitioner claims that the court erred in trying and determining the merits of the main case in this proceeding, and supports his claim by referring to *Farmers etc. Ins. Co.* v. *Reynolds,* 52 Vt. 405, where it is said: "In the trial of a petition of this kind the court will not undertake to pass upon the merits of the defence, but should look far enough to be satisfied that the case is fairly disputable, and that the defend-

ant in good faith intends to make a defence.'' We think the language of the first clause of the sentence quoted is not to be taken as a restriction upon the exercise of the court's discretion in satisfying itself whether the claim is fairly disputable. The allowance of the appeal being a matter of discretion, the scope of the inquiry cannot well be limited by technical rules. If the evidence offered to meet the petitioner's claim that the case is fairly disputable goes beyond the requirement and shows that the petitioner has no defense, this cannot be charged as error. The only evidence presented in support of the petition was the affidavit of Mr. Shurtleff, and his testimony was only in proof of the accident which prevented the appeal. If the petitioner had any standing in court it was by virtue of the allegation that he believed that the claim allowed was an unjust claim, and if this was treated as sufficient evidence that he believed that he had a good defense and intended to make it, the evidence received under exception was pertinent to the issue.

The petitioner also claims error in that the court proceeded upon the theory that the uncontradicted allegations of the petition, made on oath and of the petitioner's personal knowledge, were not evidence. The statement in the findings that it did not appear, except from what is stated in the petition, whether the petitioner believed the claim to be just or unjust, does not necessarily imply that the court gave the allegation of the petition no effect; and error will not be presumed.

We think it cannot be said that the action of the court, either in receiving the evidence excepted to or in rendering the judgment it did, was an abuse of discretion.

*Judgment affirmed.*