FITZGERALD LAND AND LUMBER COMPANY *v.* PROUTY & MILLER.

February Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 9, 1916.

*New Trial—Discretion of Court—Exceptions—Fraud, Accident and Mistake—Trustee Process.*

P. S. 2017 is merely declaratory of the law that the county court, as a court of general jurisdiction, has discretionary power on the ground of fraud, accident or mistake to set aside a judgment rendered on default, except in so far as it provides that the petition or motion to have the default judgment set aside must be brought within two years from the rendition thereof, and not otherwise.

Where the county court has by statute, power to grant a new trial on grounds of fraud, accident or mistake, under P. S. 2017, 2021 or 2023, it is to exercise a sound judicial discretion in determining whether a case within the statute is made out, and an exception to the rulings of the county court does not lie, unless its findings express or implied are without evidence fairly and reasonably tending to support them, or unless the court treats as an accident or a mistake that which as a matter of law is not.

In such cases, the question of the tendency of evidence is matter of law, and some question of law, not relating to the tendency of the evidence, may be involved, and may govern.

Petitions at law for new trials, on the ground of fraud, accident and mistake are governed by equitable principles, unless some positive provision of law prevents their application.

Where one summoned as trustee dealt in regard to his disclosure with an attorney who had formerly represented the plaintiff regarding the claim in question, and was not informed by the attorney that he was no longer connected with the case, *held*, the trustee was not, as a matter of law, guilty of such negligence that the county court was bound to deny him relief from a judgment on default, on the ground of mistake.

The fact that the plaintiff in a suit released one of two trustees, upon taking judgment by default against the other, while a circumstance for the trial court to consider in determining its action so far as it is discretionary, does not operate as a legal barrier to granting the defaulted trustee a new trial on the ground of mistake.

PETITION, under P. S. 2017, brought to the county court, to have stricken off a default judgment rendered against the petitioner as trustee, and to secure a trial as to its liability. Trial by court, September Term, 1915, Orleans County, *Slack*, J., presiding. Default judgment set aside and case brought forward. The petitionees excepted. The opinion states the case.

*Young & Young* for the petitionees.

*Dunnett & Leslie* for the petitioner.

HASELTON, J. This is a petition brought to the county court by the Fitzgerald Company to have stricken off a default judgment against it as trustee, and to secure a trial as to its liability. The judgment on default was rendered at the March Term, 1915, and thereafter execution was issued. This petition was served April 29, 1915.

On the hearing of the petition, the case in which the petitioner had been adjudged trustee on its default was brought forward, the judgment complained of was vacated, and the peti-

tioner was given leave to enter, and to file a disclosure, on terms. The petitionee brings exceptions.

The original case was *Prouty & Miller* v. one *Paye* as defendant, and one Sweeney and the Fitzgerald Company as trustees. Before that suit was brought, Prouty & Miller placed the claim upon which the suit was brought in the hands of C. R. Powell, an attorney at law in Brighton, where the Fitzgerald Company had its principal place of business. One Keenan was the petitioner's manager for its Vermont territory, and one Laffin was its accountant. These men looked after suits against the petitioner and especially after suits in which it was summoned as trustee. Keenan had the general oversight of these matters, and in suits of the importance of the one in question he was consulted and his action controlled.

With respect to the claim, Powell saw Laffin and was told by him that the latter could not then tell whether or not the company owed anything to Paye, the principal defendant. Shortly thereafter Sweeney, also of Brighton, and the other trustee in the suit afterwards brought, informed Powell that the petitioner was in fact owing Paye. Thereupon, for personal reasons, Powell returned the claim to Prouty & Miller, and was not thereafter authorized by them to do anything about it.

The claim, after its return as just stated, was put into the hands of the law firm of Young & Young, who brought the suit and had its sole management.

After the suit was brought and the writ served on the petitioner, Laffin had one or more talks with Powell about the suit. Powell admitted that he had one such talk, after the suit was brought; and the court below found that in that interview Laffin was not told that Powell had nothing further to do with the claim. The court made a finding which was excepted to. Such finding is as follows:

"We are forced to the conclusion, and therefore find, that at the time of the last talk between Powell and Laffin, Powell did receive from Laffin a statement of Paye's account with the petitioner, and that he gave Laffin to understand that if the same was not satisfactory or if anything further was required, either Laffin or the petitioner would be notified. Laffin communicated the substance of this interview to Keenan, and, relying solely thereon, neither Laffin nor Keenan did anything further about said suit until after said execution was issued." Lack of evi-

dence to sustain the finding is one ground of the exception. The evidence on which this finding was based was conflicting, but there was evidence, direct or inferential, sufficient to sustain it.

The other grounds of the exception to the finding do not strictly touch the finding, but relate rather to the effect of it. One is that there is nothing in the talk which justified the understanding referred to in the finding; and the other is that, in view of other facts found, the petitioner had no right to rely upon or act upon the understanding so found.

The petitionee also excepted to the judgment herein.

Prior to October 29, 1878, we had no statute relative to the striking off by the county court of judgments on default rendered in that court, although we had a statutory rule of practice that judgment should be entered on a default unless by the third day of a term a defaulted defendant should come into the court and move for a trial, in which case one was to be awarded him upon payment of costs. R. S. c. 25, Sec. 34; G. S. c. 30, Sec. 43.

But it had long been held that the county court, as a court of general jurisdiction, had inherent discretionary power, on the ground of fraud, accident or mistake, to set aside a judgment rendered on default, and to do this at the term at which the default judgment was rendered or at a subsequent term. *Scott* v. *Stewart,* 5 Vt. 57; *Adams* v. *Howard,* 14 Vt. 158; *Goddard* v. *Fullam,* 38 Vt. 75; *Fire Insurance Co.* v. *Reynolds,* 52 Vt. 405.

The case last cited was decided in 1880, after the passage of the act of 1878 to which we will presently refer, but the petition was returnable to the February Term, 1879, of the county court and was brought before the act of 1878 took effect, or else that act was overlooked in the decision of the Supreme Court on exceptions, for the court say in the opinion, "The power invoked by this petition is not one provided by statute but the power incident to a court of general jurisdiction."

The act of 1878, afterwards R. L. 1422, and now P. S. 2017, runs, in all the revisions, as follows:

"When a judgment is rendered by a county court, upon default, and a defendant or a trustee therein is unjustly deprived of a hearing by fraud, accident or mistake, the party so deprived of a hearing may bring his petition or motion to such county court, within two years from the rendition of such judg-

ment and not after, to have the judgment so rendered by default set aside.''

At one time there was an intimation from the Court that without the statute a judgment on default in county court could be struck off only during the term at which it was rendered. In *Arlington Mfg. Co.* v. *Mears,* 65 Vt. 414, 26 Atl. 587, the Court spoke of the statute as extending the time for striking off a default judgment by means of a petition brought within the time limited, and seemed to convey the idea that before the statute a default judgment in county court could be struck off in that court only during the term at which the judgment was rendered. But about the same time it was held that a judgment of nonsuit could, on petition, and in the discretion of the court be struck off at a term subsequent to that at which the judgment was rendered, on the ground that the inherent discretionary powers of the court had been and were adequate to that end.

These decisions justified a more careful study of the act of 1878, now P. S. 2017, and it clearly enough appears that that act is declaratory merely, except in so far as it provides that the petition or motion to have the default judgment set aside must be brought within two years from the rendition thereof, and not afterwards. This accords with the view taken in *Mutual Life Insurance Company* v. *Foster,* 88 Vt. 503, 93 Atl. 258, where it was held with reference to a mistake for which the county court struck off a default judgment that whether the mistake was of such a character with respect to negligence as justified the county court in setting aside the judgment rested in its discretion, and that unless abuse of discretion is manifest the action of the county court will not be reviewed. So too in *Barnes* v. *Albert,* 87 Vt. 25, 88 Atl. 815, where, on petition brought under P. S. 2017, judgment in county court was for the petitioner setting aside as matter of discretion a default judgment rendered at a previous term, it was held in affirming the judgment on the petition, that if that judgment was to be reversed ''it must be upon the ground that there was no evidence from which the court could fairly and reasonably draw conclusions of fact which justified the exercise of this discretion.''

As our statutes now are, one against whom a judgment on default has been rendered in the county court, or in the court

of a justice of the peace, or who has been prevented from entering an appeal from a justice, or from taking or entering an appeal from the probate court may have relief in the county court on the ground of fraud, accident or mistake, where his situation is due to any of those causes. P. S. 2017, 2021, 2023.

The only difference in the language of the sections above referred to, here worthy of notice, is that in P. S. 2021 and P. S. 2023, which relate to the judgments of justices and of the probate courts, the power of the county court to act in cases of fraud, accident or mistake is expressly made discretionary. But all these sections are silent on the question of whether the county court has any discretion in determining what shall be deemed an accident or a mistake against which the county court may relieve.

However, in all three classes of cases the county court is to exercise a sound, judicial discretion in determining whether a case within the statute is made out, and an exception to the action of the county court does not lie unless its findings express or implied are without evidence fairly and reasonably tending to support them, or unless the court treats as an accident or a mistake that which as matter of law is not. Cases which relate to probate courts are these: *Cilley* v. *Flanders,* 62 Vt. 82, 19 Atl. 116; *Lillie* v. *Lillie's Estate,* 56 Vt. 714; *Burton* v. *Barlow's Estate,* 55 Vt. 434; *Burbeck* v. *Little,* 50 Vt. 713. Cases relating to justices' judgments are these: *Green* v. *McLoud Co.,* 87 Vt. 242, 88 Atl. 810; *Perry* v. *Wright,* 70 Vt. 615, 41 Atl. 971; *East Montpelier* v. *Montpelier,* 65 Vt. 193, 26 Atl. 112; *Munger* v. *Verder,* 59 Vt. 386, 8 Atl. 154; *Wilder* v. *Gilman,* 55 Vt. 503; *Babcock* v. *Brown,* 25 Vt. 550, 60 Am. Dec. 290; *Brown* v. *Irwin,* 21 Vt. 68; *Mosseaux* v. *Brigham,* 19 Vt. 457.

The cases cited show that without regard to the particular character of the accident or mistake in question, the findings express or implied of the county court on petition, whether for or against the petitioner have been held conclusive in this Court, where there was evidence to sustain them, that the question of the tendency of evidence here as elsewhere is matter of law, and that some questions of law, not relating to the tendency of evidence, may be involved and may govern.

Cases determined on pleadings merely, and petitions for new trials in cases once actually tried, are too remote from the question now under discussion to throw any appreciable light

upon it.   Such cases are therefore not referred to; nor are the cases where relief has been sought in equity, although petitions at law on the ground of fraud, accident and mistake are governed by equitable principles, unless some positive provision of law prevents their application.   Nor have we noted the numerous remarks upon the statutes now under consideration that have fallen from the court in considering cases of *audita querela.*

Our cases dealing with the granting of trials where judgment has been rendered by default, though numerous, are substantially consistent, when read with reference to the law applicable to each case at the time it was decided, and the nature of the decision below.

The evidence here justified the court below in treating, as it obviously did, the default judgment against the petitioner as a genuine and natural mistake induced by the course of one who had in fact represented the plaintiffs as attorney regarding the claim under consideration, and who, after ceasing to be attorney in the matter, had conducted himself in reference thereto in such a way as not to suggest to the petitioner that he was out of the case.

Where you deal with the authorized attorney of another today, the fact that you deal with him as such in the same matter tomorrow or next week or next month without investigating to find out if the attorney's authority still continues, does not as matter of law convict you of such negligence, that, if the outcome is a judgment on default against you, the county court is bound in law to deny you relief on the ground of mistake.

After judgment on default was rendered against the petitioner, Prouty & Miller relying upon such judgment discontinued their suit against Sweeney as trustee.   Sweeney had appeared and filed a disclosure denying liability, but Prouty & Miller claimed that he was liable, and they say that they have lost their chance to litigate the question of Sweeney's liability, cannot therefore be restored to their former rights and situation, and that so as matter of law the county court had no right to strike off the default against the petitioner.

However, the judgment on default against the petitioner did not operate to release Sweeney, and the action of Prouty & Miller in discontinuing as to him, while a circumstance for the trial court to consider in determining its action so far as it

24

was discretionary, was not a legal barrier to the action which the court upon consideration took.

*Judgment affirmed.*