IN RE CHARLES W. WALKER'S ESTATE.

January Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, and FISH, JJ.

Opinion filed May 11, 1927.

*Construction of G. L. 2299—Petition under G. L. 2299 for Leave To Enter Appeal from Decree of Probate Court—Discretion of Court—When Reviewable—Rules as to Pleading Inapplicable to Such Petition—Sufficiency of Allegations in Petition—Status of Administrator in Relation to Beneficiaries of Estate—Sufficiency of Petition on Demurrer.*

1. G. L. 2299, authorizing Supreme Court or county court in its discretion to grant leave to enter appeal from order, sentence, decree, or denial of probate court, in appealable cases, where petitioner has been prevented from taking or entering an appeal by fraud, accident, or mistake, is remedial in character and is to be construed liberally.

2. Petition under G. L. 2299 for leave to enter appeal from decree of probate court is addressed to sound judicial discretion of court to which it is preferred, and is governed by equitable principles, so far as positive provisions of law allow.

3. Action of court on petition under G. L. 2299 for leave to enter appeal from decree of probate court is not reviewable, unless its findings are unsupported by evidence or it treats as accident or mistake that which as matter of law is not.

4. When petition under G. L. 2299 for leave to enter appeal from decree of probate court is challenged by demurrer, strict rules of common law pleading are not to be applied, but allegations should be construed liberally, with view to substantial justice.

5. While proceedings under G. L. 2299 for leave to enter appeal from decree of probate court are controlled by equitable principles, rules of equity pleading do not apply, and while facts are to be alleged positively personal knowledge of pleader is not material.

6. Allegations in petition under G. L. 2299 for leave to enter appeal from decree, challenged by demurrer, *held* sufficient to require county court to exercise its discretion in disposing of petition.

7. Administrator is technical trustee, and is held to utmost frankness and fair-dealing in his relations with beneficiaries of estate.

8. On exceptions from judgment of county court sustaining demurrer to petition under G. L. 2299 for leave to enter appeal from decree of probate court, if necessary to make any reference to merits of controversy, petitioner need only show that case is fairly disputable.

PETITION under G. L. 2299 for leave to enter appeal from decree of probate court. Heard by court at the June Term, 1926, Windsor County, *Moulton*, J., presiding, on demurrer to petition. Demurrer sustained. The petitioner excepted. The opinion states the case. *Reversed and remanded.*

*David A. Pingree* for the petitioner.

*Wm. B. C. Stickney* for the petitionee.

POWERS, J. This petition, brought under G. L. 2299, for leave to enter an appeal from a decree of the probate court, was demurred to. The demurrer was sustained and the petitioner excepted.

The following facts are alleged in the petition: The petitioner is a daughter of Charles W. Walker, late of Norwich, Vt., who died intestate, leaving her and a widow as the only persons interested in his estate. Archie M. Peisch, of Hanover, N. H., was duly appointed administrator of the Walker estate. The petitioner, who lives in Massachusetts and her attorney there, Richard J. Lane, on or about December 20, 1924, requested the administrator to keep them informed of all transactions relating to the administration of the estate. Neither of them received any such information until some time in October, 1925, when the petitioner was informed by the widow that the property known as the "Norwich Inn," which belonged to the estate, had been sold. Thereupon, the petitioner arranged with a lawyer in Boston, namer Leahy, to communicate with a lawyer in Lebanon, N. H., named Jones, and have the latter ascertain from the administrator all the facts regarding the settlement of the Walker estate. In this way it was learned that the administrator claimed he had not fully prepared his account, but would do so

shortly, and that a copy thereof would be sent to the petitioner at once. Jones reported that he did not have full information regarding the sale of Norwich Inn, but he thought it would come through the copy of the administrator's account when forwarded. Such a copy was not sent to the petitioner until January 4, 1926. After the administrator gave the petitioner and her counsel the assurance aforesaid, he applied to the probate court for a settlement of his administration account, and the time for hearing thereon was fixed as December 11, 1925, on which date said account was filed and allowed, and a decree of distribution was made. The petitioner knew nothing of this until she received a letter from the administrator dated December 15, 1925, enclosing a check for her distributive share of the estate, and offering to furnish her a detailed statement of his account, if she had not already received one from the probate court, as he supposed she had. On December 16, 1925, the petitioner, through her attorney, Leahy, requested such a statement and complained that the amount received from the estate was grossly inadequate. On December 28, 1925, the attorney received a letter dated December 24, 1925, signed by one Hazel E. Trachier which contained information that the administrator was very ill and would not be at the office for a few days, but that as soon as he returned she knew he would send detailed statement of his account with the Walker estate. Relying upon these promises and assurances, the petitioner waited for the statement in the expectation that it would be received in time to be examined within the time allowed for an appeal from the decree. When it reached her on January 5, 1926, that time had expired.

The petitioner alleges certain irregularities and omissions of the administrator in the settlement of the estate, but her right to relief is based on the foregoing facts.

It is quite apparent that the petitioner seeks to make a case of mistake or accident due to a justifiable reliance upon the promise of the administrator, supplemented by the assurance of his office girl, to furnish such information regarding his administration as would enable the petitioner to decide whether she would take an appeal from the court's decree or not. Are her allegations sufficient under the law?

[1-5] The statute under which the proceeding is brought is remedial in character and is to be construed liberally. *Kimball* v. *Kelton*, 54 Vt. 177, 178; *Congdon* v. *Congdon*, 59 Vt. 597,

598, 10 Atl. 732. A petition under it is addressed to the sound judicial discretion of the court to which it is preferred, and is governed by equitable principles, so far as the positive provisions of the law allow. It submits to that court no question involving the ultimate rights of the parties, but only the question whether a wrong shall be averted by restoring a lost opportunity to litigate those rights. The action of that court is not reviewable unless its findings are unsupported by evidence or it treats as an accident or mistake that which as matter of law is not. *Fitzgerald Land & Lumber Co.* v. *Prouty & Miller,* 90 Vt. 363, 368, 369, 98 Atl. 918. When the petition is challenged by demurrer, the strict rules of common law pleading are not to be applied, but, ordinarily, the allegations are to be "construed liberally, with a view to substantial justice, and to getting at the real truth of the case." *Collins* v. *Farley,* 80 Vt. 144, 147, 66 Atl. 713, 714. While the proceedings are to be controlled by equitable principles, the rules of equity pleading do not apply. The facts are to be alleged positively, and the personal knowledge of the pleader is not material. *Green* v. *McLoud Co.,* 87 Vt. 242, 243, 88 Atl. 810.

[6, 7] Under the liberal rule of construction above referred to, we think the allegations are sufficient, though if tested by the ordinary rule they would fail to stand up. For instance, it is not alleged that Hazel Trachier was connected with the administrator or his office in any way. But her letter with its assurance was vital to the petitioner's case. For without it the force of the administrator's promise had been spent; a final decree had passed; distribution thereunder had been made; and it was then quite apparent that the administrator's promise was not to be relied on. But the letter gave further assurance of the prompt compliance with the petitioner's demand for particulars. If it was sufficiently identified with the administrator or his office, we cannot say as matter of law that she was not justified in relying upon it. The letter was written in reply to a letter from the petitioner's attorney demanding a statement, which letter appears from the circumstances to have been addressed to the administrator, though this is not alleged. From this circumstance and the fact that the writer referred to "the office," we infer that she was somehow associated with the administrator and his office. Whether she was authorized to bind him by contract or otherwise is not material here. The important question is was
24

the petitioner, in the circumstances, justified in her reliance upon the Trachier assurance? An administrator is a technical trustee, *Hall* v. *Windsor Savings Bank*, 97 Vt. 125, 145, 121 Atl. 582, 124 Atl. 593, and as in all cases where a trustee deals with the *cestui*, he is held to the utmost frankness and fair-dealing in his relations with the beneficiaries of the estate. This is not saying that an administrator is bound to furnish statements and detailed information whenever called upon by an heir or other beneficiary; but this administrator agreed to do this; his office girl assured the petitioner that he would do it; and in view of the fact that the latter was dealing, as she might well suppose, with her own trustee and his employee, the question of her diligence cannot be ruled as a matter of law, but is for the discretionary determination of the county court. *East Montpelier* v. *Montpelier*, 65 Vt. 193, 195, 26 Atl. 112; *Green* v. *McLoud Co.*, 87 Vt. 242, 244, 88 Atl. 810; *Mutual Life Ins. Co.* v. *Foster*, 88 Vt. 503, 506, 93 Atl. 258; *Fitzgerald Land & Lumber Co.* v. *Prouty & Miller*, 90 Vt. 363, 367, 98 Atl. 918.

The case in hand is quite unlike *Burbeck* v. *Little*, 50 Vt. 713, where the nonresident petitioner made no effort to keep herself informed, for *here* there *was* something "interposing to prevent or thwart her in effectually doing what she designed";— the assurances given by those to whom she had applied for information. The case in its appeal is more like, though stronger than, *Congdon* v. *Congdon, supra,* where relief was granted on the ground of mistake.

We hold therefore that the facts alleged, if proved, together with the permissible inferences therefrom make a case sufficient in law to require the county court to exercise its discretion in disposing of the petition.

This view accords in spirit with our holdings in somewhat cognate cases: New trials were granted in *Nelson* v. *Marshall*, 77 Vt. 44, 58 Atl. 793, where exceptions were lost to the defeated party by fault of the presiding judge, in *Hotel Vermont* v. *Cosgriff*, 89 Vt. 173, 94 Atl. 496, and *Walsh* v. *Cole*, 97 Vt. 459, 123 Atl. 850, where the benefit of exceptions was lost through the fault of the clerk, and in *Reynolds* v. *Romano*, 96 Vt. 222, 118 Atl. 810, where such loss was due to the fault of the reporter.

[8] If in a case like this it is necessary to make any reference to the merits of the controversy, it is enough to show that the case is fairly disputable. *Farmers, etc., Ins. Co.* v. *Reynolds,*

52 Vt. 405, 408; *Barnes* v. *Albert,* 87 Vt. 251, 253, 254, 88 Atl. 815; *In re Brown's Estate,* 87 Vt. 465, 466, 89 Atl. 872. The allegations in this respect are here sufficient.

*Judgment reversed and cause remanded.*