DANIEL P. WALWORTH *v.* ALEXANDER SEAVER.

*Notice by mail.*

It is only by virtue of the *law merchant* that notice of the dishonor of a commercial instrument is held to be sufficient, if deposited at the proper time in the proper post-office, with the proper direction; and in cases not governed by the law merchant, but by the common law, whenever notice is required to be proved, notwithstanding the mailing of a notice, with a proper direction is *prima facie* evidence that such notice was received, yet this evidence is not conclusive, and may be rebutted; and whether it has been rebutted or not, is a question for the jury.

ASSUMPSIT.    The declaration set forth that on the 20th of June, 1854, a certain action was pending, in favor of the plaintiff, against the defendant and two others, and that the defendant, in considera-

Walworth *v.* Seaver.

tion that the plaintiff would discontinue said action, promised the plaintiff that he would deliver to the plaintiff, in the town of Coventry, by the first opportunity, a good set of wagon wheels; that the plaintiff did discontinue the said action, but that the defendant had not delivered said wagon wheels according to his agreement. Plea the general issue, and trial by jury, at the June Term 1857, POLAND J. presiding.

Upon trial the plaintiff proved the promsie by the defendant as alleged in the declaration, and also proved that at some time late in the summer or fall of 1854 the defendant sent a set of wagon wheels to the plaintiff at Coventry.

The plaintiff also introduced evidence tending to prove that these wheels were badly made, and of poor timber, and that they were nearly valueless and entirely insufficient to fulfill the defendant's contract; and that they have ever since remained at the plaintiff's house in Coventry, but have never been used by him.

The plaintiff further testified that soon after he received the wheels and as soon as he discovered their defects he wrote to the defendant at Stowe, where the defendant resided, that the wheels were defective and that he should not accept them on the contract, and that he deposited this letter in the post office at Coventry.

The defendant gave evidence tending to prove that the wheels were well made and of good timber and were such as he contracted to deliver. He also testified that he had no recollection of ever receiving any letter from the plaintiff, stating his refusal to accept the wheels, and that he was very sure he did not receive any such letter.

The court, among other things, charged the jury that if the plaintiff kept the wheels an unreasonable length of time after he had an opportunity to ascertain their quality, without giving any notice of their defects to the defendant, it would amount to an acceptance of the wheels by him, but that such notice sent by mail would be sufficient if sent within a reasonable time. To this part of the charge the defendant excepted.

*J. Cooper*, for the defendant.

*J. H. Prentiss*, for the plaintiff.

Walworth *v.* Seaver.

The opinion of the court was delivered by

BENNETT J.   We apprehend that the grounds which the court below must have assumed in their charge, that the putting a letter in the proper post office with the proper direction, giving notice of the defective character of the wagon wheels, and that they would not be accepted on the contract, was *per se* notice of its contents to the defendant, can not be sustained.

The defendant's testimony went to show that no such letter was ever received by him, and still the court told the jury that notice sent by mail would be sufficient if sent in due time, and they do not put it to the jury to find whether the defendant in fact received the notice.

At the present day by the commercial law, which has for its basis the usage of merchants, it is unquestionably true that a notice deposited in the proper post office within the proper time and with the proper direction is *per se* notice to a party to a commercial instrument, whether it be ever received or not.   The notice must go at the risk of the endorser.   If it was not so, the negotiating of bills payable at great distances would be greatly embarrassed and in fact obstructed.   The endorser of commercial paper may well be considered as assenting that this shall be notice to him of any default of the previous parties on the paper.

The parties to commercial paper must be considered as rendering themselves subject to commercial law and usage :   2 Halstead, 130, 131.   By the commercial law the post master in effect becomes the agent of the party to whom the notice is sent, and this results from the usage of merchants, and is founded upon such usage, and is necessary for the convenience and promotion of com mercial transactions, and is applicable to a class of men only whose business requires them daily to resort to their post office.   But this is not a case within the law merchant, and this case must rest on common law principles.   It was the duty of the plaintiff to give the defendant notice of the defect in the wheels, in proper time, and if for his own convenience he sent the notice by mail, he made that his own channel of communication, and the post master is to be regarded as his agent and not as the agent of the defendant ; and the conveyance of the letter must be considered as at the risk of the plaintiff.   *Prima facie* it should no doubt be taken that the defend-

ant had notice, but the evidence is not conclusive and may be rebutted, and whether it was rebutted in this particular case, was a question from the jury to pass upon.

We see no sufficient reason why the transmission of the notice in this case should be at the risk of the defendant rather than the plaintiff. No assent of the defendant, that this should be *per se* notice to him, can be presumed, unless it is a case to be governed by the usage of merchan<sup>t</sup>s, which it is clearly not. In regard to commercial paper, where the endorser and the party who is to give the notice reside in the same town, the general rule certainly is, that notice must be given personally to the endorser or left at his domicil or place of business, and that notice through the post office is not *per se* sufficient.

See *Pierce* v. *Pendar,* 5 Metcalf, 352, and cases there cited. In such a case the convenience of commercial transactions does not especially require the law to be, that putting a letter into the post office is *per se* sufficient.

Judgment reversed and cause remanded.