ALBERT C. COLLINS v. JOSEPH W. FARLEY.

May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 18, 1907.

*Justices of the Peace—Default Judgments—Setting Aside by County Court—Requisite Evidence—Petition—Sufficiency, as Affidavit—Pleadings—Construction in Session Proceedings.*

In session proceedings, the strict rules of the common law for the construction of pleadings are not applied, but, where it will work neither surprise nor harm, the pleadings are construed liberally, with a view to substantial justice, and ascertaining the real truth of the case.

Under this rule, if a pleading is capable of two meanings, one of·which will defeat it, and the other sustain it, this will be taken, and not that.

In order to warrant the county court in granting a petition, brought under V. S. 1667, to set aside a default judgment rendered by a justice of the peace, there must be an affidavit, or some other evidence, of a good defence on the merits of the original action.

A petition to the county court, under V. S. 1667, to set aside a default judgment rendered by a justice of the peace against the petitioner in an action by the petitionee, a constable, to recover what he paid to satisfy a judgment against him by a third person for attaching and selling his property on an execution in favor of the petitioner against another, which alleges that the petitioner "claims, and always claimed, that, prior to the sale of said property by" the petitionee, "he expressly notified" the petitionee "that he would not indemnify him against loss by reason of the sale of said property, but that, if he sold it, he must do so at his own risk," sufficiently alleges that the petitioner gave that notice to the petitionee, and therefore the petition, verified by the oath of the petitionee, is a sufficient affidavit of a good defence upon the merits of the original action.

PETITION, under V. S. 1667, to set aside a default judgment rendered by a justice of the peace. Trial by court at the March Term, 1906, Chittenden County, *Miles*, J., presiding. Judgment for the petitioner. The petitionee excepted. The opinion states the case. The defendant was constable of the city of Burlington, at the time he made the attachment and sale referred to.

*Cowles & Moulton* and *C. S. Palmer* for the petitionee.

At common law, a judgment regularly taken is not to be set aside unless it appears that the defendant had a defence upon the merits, and then only for the purpose of allowing defendant to plead the merits. Hence it must appear that there is a good defence upon the merits of the original action. Tidd's Pr. *568; Sellon's Pr. (1st Am. Ed.) 346; Sheridan's Pr. 307; Paine & Duer's Pr. (N. Y. Ed. 1830), 621; *Willet* v. *Atherton,* 1 W. Black. 35; *Stadholme* v. *Hodgson,* 2 Y. R. 390; *Maddocks* v. *Holmes,* 1 B. & P. 228; *Read* v. *Tregeagle,* 7 Mod. 49; *Forbes* v. *Lord Middleton,* Stra. 1242; *Selby* v. *Ry. Co.,* 7 E. C. L. & Eq. R. 568; *Lockwood* v. *Beaumont,* C. T. Hard. 157; *Wood* v. *Cleveland,* Salk. 518; *Ela* v. *Goss,* 20 N. H. 52; *Cogswell* v. *Vanderberg,* 1 Caines Rep. 155; 2 Law Ed. 105 and note; *Bruen* v. *Merrill,* 3 Caines Rep. 97; *Foster* v. *Martin,* 20 Tex. 119; *Miller* v. *Alexander,* 1 N. J. L. 400; *People's Ice Co.* v. *Schlenker,* 50 Minn. 1; *Pry* v. *Ry. Co.,* 73 Mo. 123; *Draper* v. *Bishop,* 4 R. I. 489; Freeman's Judgments, (4th Ed.) §498; *Rogan* v. *Eads,* 101 Ill. App. 509; *White* v. *Crow,* 110 U. S. 183; *Parrott* v. *Den.,* 34 Cal. 79; Black, Judgments, §347.

A simple affidavit of a defence upon the merits of the original action is not sufficient. *Rich* v. *Hathaway,* 18 Ill. 548; *Young* v. *Conklin,* 3 Misc. (N. Y.) 122; *Bailey* v. *Taaffe,* 29 Cal. 422; *Gauthier* v. *Russika,* 3 N. Dak. 1.

*J. J. Enright* and *R. E. Brown* for the petitioner.

The court having found that the petitioner had been deprived of his day in court by mistake, the granting of the petition rested in the discretion of the court and its decision cannot be revised in this court. *Kimbal* v. *Kelton,* 54 Vt. 177; *Burton* v. *Barlow,* 55 Vt. 431; *Wilder* v. *Gilman,* 55 Vt. 503; *Lillie* v. *Lillie's Est.,* 56 Vt. 714; *Munger* v. *Verder,* 59 Vt. 386.

ROWELL, C. J.  This is a petition to the county court to reverse and set aside the judgment of a justice rendered upon default against the petitioner, as he was unjustly deprived of his day in court by fraud, accident, or mistake, and to hear and determine the action as if it had been brought to said court by appeal.

Said action was brought by the petitionee to recover what he paid to satisfy a judgment recovered against him by one Stiles for attaching and selling his property on a writ and an execution in favor of the petitioner against one Murphy.

The court found the mistake relied upon on trial, and that ''the petitioner claimed before it that he had a good and sufficient defence to said action for the reason that he expressly notified said Farley that he would not indemnify him against loss by reason of the sale of said property, and that if he proceeded to sell it he must do so at his own risk.''  Thereupon the prayer of the petition was granted, and judgment accordingly.  The petitionee excepted to the judgment generally, and also specially upon the ground that there was no evidence to support it.  The only question the petitionee seeks to raise is, whether the court could grant the petition without an affidavit, or some other evidence, of a good defence upon the merits of the original action, claiming that that was necessary in order to bring the case within the purview of the statute, as it undoubtedly was, as is abundantly shown by the cases cited in the petitionee's brief.  On this point the petitionee seeks to question the sufficiency of the petition, both as a pleading and as an affidavit of merits.  The petitioner objects that the exceptions do not reach back to the petition in either respect.  But we think that the special exception does reach back to it as an affidavit of merits; and we will treat it as reaching back to it as a pleading, without deciding whether it does or not.

It is manifest that the case must stand upon the petition alone for merits, as there was no other evidence before the court tending to show merits.  The only allegation of merits that the petition contains is, that ''the petitionee claims, and always claimed, that prior to the sale of the property by said Farley, he expressly notified said Farley that he would not indemnify him against loss by reason of the sale of said property, but that if he sold it, he must do it at his own risk.''

The petitionee says that this is not an allegation that such notice was given, but only an allegation of a *claim* that it was given, without saying that it *was* given; that a mere *claim* that it was given is not enough, and that the fact claimed cannot be considered, because not being alleged, it is not sworn to.

But in sessions proceedings, the strict rules of the common law for the construction of pleadings are not applied; but on the contrary, the pleadings are construed liberally, with a view to substantial justice, and to getting at the real truth of the case when it will not surprise or harm the other party. Under this rule, if a pleading is capable of two meanings, one of which will defeat it and the other sustain it, this will be taken, and not that. Even at the common law, if the language of a pleading is capable of different meanings, it is permissible to construe it in the sense in which the pleader must be understood to have used it, supposing him to have intended his pleading to be consistent with itself. *Royce* v. *Maloney,* 58 Vt. 437, 445, 5 Atl. 395.

Now one meaning of the verb *claim* is, to assert; to maintain; to hold or maintain as a fact or as true. Giving this meaning to the word as used in the petition, as we should understand the rule stated, the allegation means that the petitioner asserts as a fact, and maintains as true, that he gave the notice therein claimed. This makes the petition good as a pleading and as an affidavit of defence, and sufficient to bring the case within the purview of the statute and to sustain the judgment, as it is verified by the oath of the petitioner, who has personal knowledge of the fact of notice.

*Judgment affirmed.*