### E. H. PALMER *v.* MARTIN F. FULLER.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed May 18, 1911.

*Justices of the Peace—Appeal—Loss from Accident or Mistake— Relief—Evidence—Prepayment of Justice's Fee—Waiver— Necessity of Showing Defence.*

Facts found by the trial court, on petition to be relieved from loss, by fraud, accident, or mistake, of an appeal from the judgment of a justice of the peace, considered, and *held* to sustain the finding that plaintiff's attorney understood, and had a right to understand, that the justice had waived prepayment of the twenty-five cents allowed him by statute for the appeal.

Since the prepayment to a justice of the peace of the twenty-five cents allowed him for an appeal from his judgment is not by the statute made essential to the validity of the appeal, and that fee is a perquisite of the justice in which no one else has any interest, he may waive its prepayment.

One petitioning to be relieved from the loss, by fraud, accident, or mistake of an appeal from the judgment of a justice of the peace, and who has complied with all the requirements of law for such an appeal, except prepayment of the justice's fee therefor, which was waived, need neither put in a defence, nor allege that he has one.

A party's failure to secure an appeal from the judgment of a justice of the peace against him, though he had complied with all the requirements

of the law for such an appeal, except prepayment of the justice's fee therefor which was waived, was such an accident or mistake as entitles him to relief.

PETITION to be relieved from the loss, by fraud, accident, or mistake, of an appeal from the judgment of a justice of the peace. Trial by court at the December Term, 1910, Addison County, *Stanton* J., presiding. Judgment that the prayer of the petition be granted. The petitionee excepted. The opinion states the case.

*J. J. Enright,* and *Brown & Hopkins* for the petitionee.

The petition discloses no ground for relief except the want of reasonable care on the part of petitioner or his attorney, and this is never sufficient under P. S. 2023 on which this proceeding is founded. *Hunt* v. *Burbank,* 73 Vt. 273; *Babcock* v. *Brown,* 25 Vt. 550; *Finney* v. *Hill,* 11 Vt. 233; *Davison* v. *Heffron,* 31 Vt. 687. A judgment against a defendant is never set aside on petition, unless he shows that he has a defence. Tidd's Pr. 568; Sellon's Pr. 1st Am. Ed. 346; Sheridan's Pr. 307; *Forbes* v. *Lord,* Middleton Stra. 1342; *Selby* v. *Railway Co.,* 7 E. C. L. & Eq. R. 568; *Lockwood* v. *Beaumont,* C. T. Hard 157; *Wood* v. *Cleveland,* Salk. 518; Black on Judgments, §347; *Ela* v. *Gass,* 20 N. H. 52; *Foster* v. *Martin,* 20 Tex. 119; *Miller* v. *Alexander,* 1 N. J. L. 400; *People's Ice Co.* v. *Schlenker,* 50 Minn. 1; *Pry* v. *Railway Co.,* 73 Mo. 123; *Draper* v. *Bishop,* 4 R. I. 489; *White* v. *Crow,* 110 U. S. 183.

*Frank L. Fish* for the petitioner.

The granting of the petition in the circumstances of the case was within the discretion of the trial court and its discretion cannot be reviewed in this Court. *Kimball* v. *Kelton,* 54 Vt. 177; *Burton* v. *Barlow,* 55 Vt. 434; *Wilder* v. *Gilman,* 55 Vt. 503; *Lillie* v. *Lillie's Est.,* 56 Vt. 714; *Munger* v. *Verder,* 59 Vt. 386; *East Montpelier* v. *Montpelier,* 65 Vt. 193. P. S. 2023 is a remedial statute and should be liberally construed. *Kimball* v. *Kelton,* 54 Vt. 177. An appeal from the justice's

judgment was matter of right, and, even if it had been groundless, it could not have been refused, hence it was not necessary for the petitioner either to allege or to prove a defence. *Forbes* v. *Hill,* Dall. (Tex.) 206; *McCreary* v. *Rogers,* 35 Ark. 298; *Ricketson* v. *Torres,* 23 Cal. 636; *State* v. *Judge of Superior Dist. Ct.* La. Ann. 547, 28 La. Ann. 80.

MUNSON, J.   The petitioner claims to have lost his appeal from the judgment of a justice under circumstances which entitle him to relief on the ground of fraud, accident or mistake. It appears from the findings of the county court that within two hours after the rendition of the judgment the petitioner asked for an appeal and gave the required security by way of recognizance; that petitioner's attorney then inquired whether the justice would make out the copy of appeal and sign it, or whether the attorney should make it and send it to the justice for his signature; that the justice said the attorney had better make it and the attorney said he would do so, and that the petitioner and his attorney thereupon left the court room, both supposing the appeal had been granted; that the fee of twenty-five cents allowed the justice for an appeal was not paid, and that nothing was said about it by either the justice or the attorney.

The county court has found from these facts that the petitioner's attorney understood, and had a right to understand, that the justice had waived the prepayment of the fee. We think this conclusion is sustained by the facts reported, and that it can be given effect without impinging on any legal requirement. There is nothing in the statute that makes the payment essential to the validity of an appeal. The fee is a mere perquisite of the justice, in which neither the State nor the opposite party has any interest. It is therefore a requirement which the justice can waive.

The only allegation of a defence is that the petitioner believes he has a good one. The petitionee excepted to all the testimony introduced regarding a defence. It is claimed that the petition cannot be sustained without evidence of a defence, and that a defence cannot be shown unless alleged. In cases where it is sought to set aside a judgment rendered by a justice

on a default, the petitioner must show a good defence on the merits of the original action. *Collins* v. *Farley*, 80 Vt. 144, 66 Atl. 713. See also *Farmers etc. Ins. Co.* v. *Reynolds*, 52 Vt. 405. But the decisions in cases of default are not controlling in a case like this. Here, the petitioner was deprived of an appeal to which he had entitled himself by an appearance, by an application for an appeal, and by a compliance with all the requirements of the law, except one which could be and was waived. He was entitled to an allowance of his appeal by the justice without putting in a defence or representing that he had one, and nothing of this nature can be required to entitle him to enter the case in the appellate court in reinstatement of his right. But although the petitioner's attorney did all that was necessary to entitle him to an appeal in the circumstances, the failure to secure it was an accident or mistake within the broad scope given to the words by our decisions. *Wilder* v. *Gilman*, 55 Vt. 503.

*Judgment affirmed and cause remanded.*