JOHN L. THAYER *v.* IRVING E. THAYER'S ESTATE.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed June 5, 1923.

*Petition for Leave to Enter An Appeal Under G. L. 2299—Discretion of County Court.*

On petition under G. L. 2299 for leave to enter an appeal from the disallowance of a claim by the commissioners of an estate, where the failure to enter the appeal within the time limited was wholly due to accident caused by a misunderstanding between the petitioner and his attorneys, and not to petitioner's laches, the county court, in its discretion, may grant the relief sought, and its decision, in the exercise of that discretion, is not revisable.

PETITION for leave to enter an appeal from the determination of the commissioners on an estate. Trial by court at the

September Term, 1922, Windham County, *Chase,* J., presiding. Petition granted. The petitionee excepted. The opinion states the case. *Affirmed.*

*Barber, Barber & Miller* for the petitioner.

The granting of permission in the case of fraud, accident or mistake, to file a belated appeal from the decision of commissioners on an estate lies in the sound judicial discretion of the trial court, whose decision is not reviewable in the absence of a showing of abuse of discretion. G. L. 2299; *Hubbard* v. *Hubbard,* 77 Vt. at pp. 77-78; *Carpenter* v. *Gookin,* 2 Vt. 496; *Bucklin* v. *Ward,* 7 Vt. 195; *Ainsworth* v. *Drew,* 14 Vt. 563; *Scott* v. *Moore,* 41 Vt. 205; *Clemons* v. *Clemons,* 69 Vt. 545; *Minkler* v. *Minkler's Estate,* 16 Vt. 193; *Brainard* v. *Austin,* 17 Vt. 650.

*F. D. E. Stowe* for petitionee.

STATEMENT BY CHIEF JUSTICE WATSON: It appears from the findings that on March 1, 1922, the petitioner filed his claim against the estate of Irving E. Thayer, for board, washing, care, attention, nursing, and cash disbursements, for the deceased, by the claimant for three years and eight months, at $35.00 per month, amounting to $1,540.00; that on the 10th day of the same month, said claim was disallowed by the commissioners; that the petitioner then instructed his counsel, Barber, Barber & Miller of Brattleboro to enter his appeal from such disallowance, to the county court; that the petitioner gets his mail at West Brattleboro, not living on any free delivery route; that on Saturday, April 29, he received a letter from Barber, Barber & Miller, signed by Miller, dated April 26, requesting the petitioner to call at their office at his earliest convenience to sign the appeal bond, and advising him that the appeal papers should be filed without fail by the end of that week, or the beginning of the next week, to be within the twenty day period; that the petitioner had transacted all his business connected with this claim with Frank E. Barber, one of the members of the firm; that he called early in the week following April 29, and asked for Frank E. Barber; that he was told that Mr. Barber was trying a jury case at Newfane; that the petitioner did not know that Mr. Miller was in charge of the preparation and filing of

the appeal; that the petitioner did not understand what he was to do and therefore did not call again; that shortly after May 15, he received a letter from Barber, Barber & Miller, calling his attention to the fact that his bond had never been filed; that the time allowed for appeal had expired, and that it would be necessary to bring a petition to the county court to obtain leave to file such appeal; that this letter was also signed by Mr. Miller; that shortly afterwards the petitioner called at the office of Barber, Barber & Miller and had an interview with Miller, being then shown his appeal papers duly drawn and ready for signature; that the papers were so drawn and ready for signature on April 26, and prior to the writing of the letter of that date, requesting the petitioner to call and sign the same; that owing to the illness of Mr. Miller's mother, it was necessary for him to leave town early on the morning of April 29, and he did not return until the afternoon of May 1; that Mr. Miller understood and believed that the appeal had been properly taken care of during his absence, and it was not called to his attention until May 15, when he discovered that the papers had not been filed and the appeal entered. Other facts found appear in the opinion of the court.

WATSON, C. J. This is a petition to the county court under the provisions of G. L. 2299, for leave to enter an appeal from the determination of the commissioners on the estate of Irving E. Thayer, deceased, late of Brattleboro. The court found the matters and things set forth in the petition to be true, and made those facts the findings of the court. Thereon judgment was entered that the petitioner have leave, upon the filing of a bond, etc., to enter his appeal. To this judgment the petitionee was allowed an exception.

In addition to the facts appearing in the preceding statement, the findings expressly show that the failure to enter the appeal within the time limited, was wholly due to accident caused by a misunderstanding between the petitioner, Frank E. Barber, and Mr. Miller, and not to laches of any nature on the part of the petitioner. These facts with the others of record, bring the case within the statute authorizing the county court, in its discretion, to grant the relief sought, and its decision, in the exercise of that discretion, is not revisable here. *Burton* v. *Barlow's*

*Estate,* 55 Vt. 434; *Lillie* v. *Lillie's Estate,* 56 Vt. 714; *In re Brown's Estate,* 87 Vt. 465, 89 Atl. 872; *Fitzgerald Land & Lumber Co.* v. *Prouty,* 90 Vt. 363, 98 Atl. 918.

*Judgment affirmed.*