IN RE ESTATE OF GEORGE H. PROUTY.

After May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

*Hubert S. Pierce* for the petitioners.

THOMPSON, J.  This case was submitted to this Court on briefs by the appellants at the May Term, 1935.  The case has once before been here on an appeal by the executors of the will of Henrietta Prouty and legatees under her will from a certain decree and order made by the probate court in the district of Orleans.  On review here, the decree of the probate court was reversed, order vacated, and cause remanded to the probate court with leave to the petitioner to apply.  We refer to the case as reported in 105 Vt. 66, 163 Atl. 566, for a statement of the facts and the issues involved.

After the case was reversed and remanded by this Court, Honorable Clarence P. Cowles, then judge of probate in the district of Chittenden, was appointed under the provisions of G. L. 3190 (P. L. 2734), to hear and determine the issues in the case as acting judge of probate in the district of Orleans, as Judge Smith, the judge of probate in that district, was disqualified to hear and determine the same.

The petitioner, Edgar J. Prouty, executor of the will of George H. Prouty, hereinafter referred to as the petitioner, was permitted to amend the original petition. On February 15, 1934, there was a hearing before Judge Cowles on the petition as amended, and evidence was taken. Later, a finding of facts was made, and a final decree was entered on January 29, 1935. The petitioner and the legatees under Mrs. Prouty's will appealed from the decree.

On June 5, 1935, Carroll A. Davis and J. F. Blanchard, executors of the will of Mrs. Prouty, hereinafter referred to as the executors, brought their petition to this Court praying that they may be allowed to intervene in this cause and to file briefs and to prosecute to final determination by this Court the questions and issues raised by the decree of Judge Cowles as set forth in the present appeal by the legatees under Mrs. Prouty's will; and that this Court appoint a time within which they are to file their briefs.

Later, and before there was any hearing before this Court, the executors asked leave to amend their petition and prayer for relief in certain respects to which we hereinafter refer. On August 13, 1935, there was a hearing before this Court in Chambers. The executors were granted leave to amend their petition as prayed for, and there was a full hearing on the petition as amended at which all interested parties were present.

The grounds of the petition are, in substance, as follows: That the assets of Mrs. Prouty's estate consist chiefly of her rights in and to the estate of George H. Prouty; that when the case was first before this Court, the decision was in favor of the legatees and the executors; that thereafter the petitioner amended his petition, and a hearing was had before Judge Cowles (February 15, 1934); that no notice was given the executors of that hearing, and they were not present, but thereafter, at the request of the petitioner, they waived notice of that hearing; that they are informed that the only question raised

at that hearing was the authority of the probate court to alter or vacate certain orders made by it for the maintenance of Mrs. Prouty as widow of George H. Prouty; that after that hearing the court failed to make any findings or to decide the issue raised.

The executors, in support of their petition, rely upon certain written correspondence had by them and Judge Cowles, the substance of which, so far as material here, is as follows: On December 10, 1934, Judge Cowles notified the executors that the question had been raised before him as to whether the payments made by the petitioner to the widow for her support after eight months after administration was granted on the estate of George H. Prouty were authorized by law, and asked them if they should not be represented by an attorney upon the hearing of that important matter; that if he did not hear from them on or before a certain named day he would take it that they did not wish to be heard.

On December 19, 1934, the executors, in reply to that letter, wrote Judge Cowles that they had no funds with which to employ counsel; that it was their hope and expectation that the probate court would jealously guard and conserve any rights and interests Mrs. Prouty may have had in the estate of her husband whether or not her estate was represented by an attorney.

Judge Cowles replied to this letter on December 20, 1934, as follows:

"Mr. Davis' letter of the 19th inst., is at hand. I quite agree with you that the Probate Court should jealously guard and conserve any rights and interest Mrs. Prouty's estate may have lawfully had in the estate of her late husband, whether or not her estate is represented by an attorney. Estates are trust funds and Judges of Probate become accustomed to being careful to see that no misappropriation of same is made, even though all of the parties in interest are not represented in Court.

"But it is my present notion, subject to being corrected, that I should go outside the case as made by the pleadings of the parties, and outside the issues raised in Supreme Court.

"I am enclosing herewith copy of the last four pages of my tentative findings, which will give you my reasons for such rather unusual action.

"Be assured that I deeply appreciate what it means to me to go outside the theory of the case. I am still holding my mind open to the conviction that I am making a mistake, and would be glad to hear anything further from you or your attorney. I will also write the City of Newport as you suggest. It is very likely that I shall go to Newport for the final hearing in this case sometime early next month."

The foregoing is all the material correspondence had by Judge Cowles and the executors.

The executors allege further that on January 5, 1935, they received a notice from Judge Cowles that he would be at the probate office in Newport on January 15th for final hearing in the estate of George H. Prouty; that Mr. Davis appeared at the probate office in Newport on the appointed day to be present at the hearing, but he was informed that no hearing would be held; that thereafter they never received any notice from Judge Cowles that any final findings in the case had been filed or that any final order had been made by the probate court.

They allege further that they believed that the law in respect to the questions raised in the former appeal was settled and determined by this Court; that after the case was remanded there was no change in the legal scope or effect of the issues presented by the pleadings in the case; that they did not believe that in the subsequent hearing the probate court would go outside and raise any jurisdictional questions; that they are now informed that Judge Cowles did raise certain jurisdictional questions, and that, due to his failure to notify the executors, they did not protect themselves by taking an appeal from the final order made by Judge Cowles; that they are informed that certain legatees under the will of Henrietta Prouty are now prosecuting an appeal in this Court from the final order made by Judge Cowles, and, also, they are informed that the executor of George H. Prouty's estate is endeavoring to effect a compromise and settlement with the appellant legatees; that

if such compromise and settlement is effected, the executors will be unable to have the jurisdictional questions raised by Judge Cowles adjudicated by this Court, and they will be deprived and prevented from having transferred from the estate of George H. Prouty the assets which they believe belong in fact and in law to the estate of Henrietta Prouty.

The petition of the executors was amended by adding the following paragraph:

> "That your petitioners believed and understood that, in view of their communications with Judge Cowles and the receipt of previous notice of hearing, that notice would be given to them of of the final findings of Judge Cowles and that thereupon they, as executors, might protect the rights of said estate by appeal to this Court; that Judge Cowles gave them no notice of his final finding in said cause, and furthermore your petitioners had no notice from anyone that the questions referred to him had been finally determined by him until at a time when by law it was too late to protect the interests of said estate by appeal; that the failure of your petitioners to take an appeal in said cause was due to the fraud, accident and mistake of Judge Cowles in not notifying your petitioners of his final decision in said cause within the purview of Sec. 2109 *et seq.* of the Public Laws of Vermont."

The prayer of the petition was amended by adding the following:

> "That your petitioners be permitted to introduce evidence to show that their failure to enter their appeal was due to fraud, accident and mistake, and that your petitioners be now permitted to enter an appeal in said cause and prosecute the same to final determination; and for such other and further relief in the premises as to the Court shall seem meet."

At the hearing before this Court, the facts alleged by the executors in the petition were taken as true.

■■ We think this is not a case where the executors can be permitted to intervene. In 20 R. C. L. 682, § 20, it is said: "Intervention is a proceeding by which one not originally made a party to an action or suit is permitted, on his own application, to appear therein and join one of the original parties in maintaining his cause of action or defense, or to assert some cause of action against some or all of the parties to the proceeding as originally instituted." The fact that the executors were parties to this proceeding as originally instituted is a sufficient ground upon which to deny them the right to intervene.

If they are entitled to the relief they seek, it must be found under P. L. 2109, which provides that the Supreme Court may, on petition and proof, in its discretion, grant leave to enter an appeal from an order, sentence, decree, or denial of a probate court, where the petitioner has been prevented from taking or entering an appeal by fraud, accident, or mistake.

It is not questioned that the executors are "a person interested" within the meaning of P. L. 3001, and that they could have taken an appeal from the final order or decree of Judge Cowles within the time fixed by law for taking such appeals. The only question before us is whether they have made a case that will warrant this Court, in its discretion, to grant leave to them to enter their appeal from the order or decree in question, as provided in P. L. 2109.

The question litigated at the hearing before Judge Cowles on February 15, 1934, was the identical question litigated before Judge Smith on the original petition of the petitioner, except that, by amendment, it was limited to the orders of June 15, 1920, and May 1, 1925, for allowances to the widow for her maintenance.

The executors were not notified of the hearing of February 15, 1934, and they were not present at the hearing; but later, at the request of the petitioner, they waived notice of that hearing.

After Judge Cowles wrote his letter of December 20, 1934, to the executors, he did not notify them that he was going outside the case as made by the pleadings of the parties and outside the issues raised in Supreme Court and raise *sua sponte* certain jurisdictional questions which had not before been raised by any of the parties. He did give the executors notice that there would be a final hearing in the estate of George H.

Prouty on January 15, 1935, but no hearing was held on that day. He did not give them notice of the filing of his final findings nor of his final order or decree, and the executors did not learn that there had been a final determination of the case until at a time when by law it was too late to protect the interests of Mrs. Prouty's estate by an appeal from the final order or decree.

In the absence of any notice from Judge Cowles of what he was intending to do and what he in fact did, we think, in view of what he wrote to the executors in his letter of December 20th, and the fact that he had given them notice of all contemplated hearings up to and including January 15, 1935, that the executors had the right to believe that he would jealously guard and conserve any rights and interest Mrs. Prouty's estate had in her husband's estate, and that he would give them notice of all proceedings had in Mr. Prouty's estate subsequent to January 15, 1935, even though the estate was not represented by an attorney.

In determining whether this Court will, in its discretion, grant leave to the executors to enter an appeal from the final order and decree in this case, it must be borne in mind that the provisions of P. L. 2109 are remedial in nature and they are to receive a liberal interpretation in their application.

The executors were parties of record in the original proceeding, and there is nothing before us that indicates that their status as such was thereafter changed, except that they were not represented by counsel because they had no funds to pay for the same. It is evident that Judge Cowles considered that they were parties in the case because he states in his findings that the executors did not appear at the hearing, ''but have filed written waiver of notice thereof.'' We assume that the hearing to which he referred was the hearing of February 15, 1934, as it does not appear that any other hearing was held before him.

It can fairly and reasonably be inferred from the facts and circumstances in this proceeding that Judge Cowles intended that the executors of Mrs. Prouty's estate should have notice of all his proceedings in the case, although they were not represented by an attorney, and that his failure to notify them of the filing of his final findings and the entry of the final order and decree was due to accident or mistake.

We think the case made by the executors comes fairly within the provisions of P. L. 2109, and that they should be granted

leave to enter an appeal from the final order and decree of the probate court.

The petitioners, Carroll A. Davis and J. F. Blanchard, executors of the will of Henrietta Prouty, deceased, are hereby granted leave to enter an appeal from the final order and decree of the probate court in the district of Orleans in this case on giving security in the sum of fifty dollars to prosecute such appeal and pay such costs as are awarded against them. The petitioners are to file their briefs on or before fifteen days from the day this order is filed with the clerk of this Court.