MARTIN S. VILAS *v.* ESTATE OF ABRAHAM WORTHEIM.

January Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 6, 1940.

*Martin S. Vilas, pro se,* for the petitioner.

*H. A. Bailey* for the petitionee.

JEFFORDS, J. This is a petition to this Court brought under P. L. 2109 for leave to enter an appeal in Chittenden County Court from the determination of the commissioners appointed by the probate court on the estate of Abraham Wortheim on the ground that the petitioner was prevented from taking or entering said appeal by reason of fraud, accident or mistake. The petitionee answered, the petitioner demurred to the answer and the case stands on the demurrer.

The petition is sworn to and alleges that the report of the commissioners was filed in court May 18, 1938. After alleging the disallowance of the claim and a calling of attention by the petitioner to the chairman of the commissioners at the time of the notice of disallowance, October 28, 1937, of their duty to give notice of the time of filing their report and a promise by the chairman to inform the petitioner when the report was filed, the petition sets forth various steps taken by the petitioner to ascer-

tain whether the report had been filed, his absence from the state for a period of time and a final allegation that on October 11, 1938, upon inquiry at the probate court he learned for the first time of the filing of the report.

The answer of the defendant denies none of the allegations in the petition. The only allegation in the answer which is at all pertinent to the issue is one to the effect that a written notice of the time of filing of their report was addressed to and mailed the petitioner by the commissioners in substantial compliance, at least, with the requirements of P. L. 2841.

The demurrer contains more than one ground but the only one that need be noticed is, liberally construed, that the answer does not allege receipt of the notice by the petitioner and that the allegation of mailing the same is not sufficient to meet the allegations in the petition showing nonreceipt of said notice by the petitioner.

P. L. 2841 reads as follows:

> "The commissioners shall give notice to claimants whose claims are disallowed to the amount of twenty dollars, of the time of filing their report in the probate office. Such notice shall be given personally or by letter addressed to such claimants, at their place of residence or postoffice address, mailed, postage paid, on the day of filing such report."

In proceedings of this kind the strict rules of the common law for the construction of pleadings are not applied but, ordinarily, the allegations are to be construed liberally with a view to substantial justice, and to getting at the real truth of the case. *In re Walker's Estate,* 100 Vt. 366, 369, 137 Atl. 321; *Collins* v. *Farley,* 80 Vt. 144, 147, 66 Atl. 713. Giving this liberal construction to the wording of the petition it must be considered that it alleges that the petitioner did not receive any notice of the filing of the report from the commissioners and did not learn of the same until long after the time for entering an appeal had expired. Applying the same rule to the answer we construe it as one in the nature of confession and avoidance and as such it is not sufficient.

■■ The provision for notice is mandatory and parties have the right to rely upon it. *Hotel Vermont Co.* v. *Cosgriff*, 89 Vt. 173, 94 Atl. 496; *Walsh* v. *Cole*, 97 Vt. 459, 123 Atl. 850. It is not enough to avoid the allegation of nonreceipt to allege that the notice was duly mailed, for such mailing only raises a rebuttable presumption of receipt. *Jacobs* v. *National Accident and Health Insurance Co.*, 103 Vt. 5, 151 Atl. 565; *Town of Barnet* v. *Town of Norton*, 90 Vt. 544, 550, 99 Atl. 238; *Whitney Wagon Works* v. *Moore*, 61 Vt. 230, 239, 17 Atl. 1007; *Walworth* v. *Seaver*, 30 Vt. 728, 73 Am. Dec. 332.

The answer amounts to no more than an implied admission that notice was not received as alleged by the petitioner and an attempted avoidance of such failure by stating, in effect, that a written notice was sent in compliance with the statute and it was presumed when mailed, properly addressed as it was, that it would be received. This, in substance, is the position taken by the defendant in its brief in respect to the allegations in its answer.

■■ The petitioner was entitled to his notice under the statute. To charge a party with notice when the method of notification selected by the commissioners fails, would defeat the purpose of the statute. *Hotel Vermont Co.* v. *Cosgriff, supra.* If petitioner's failure to receive the notice was due to one or more of the claimed causes he is entitled to the relief sought unless such failure was due to his own fault or one chargeable to him.

■ The statute under which the proceeding is brought is remedial in character and is to be construed liberally. *In re Walker's Estate, supra.* A petition under it is addressed to the sound judicial discretion of the court to which it is preferred. In view of our disposition of the case we have searched the petition with the above rules in mind to ascertain whether it alleges facts warranting the granting of the same. Without stating more of its allegations than we have already set forth it is sufficient to say that it appears that the failure to receive notice was not due to any laches or lack of reasonable diligence on the part of the petitioner but apparently was brought about by accident.

*Demurrer sustained, answer adjudged insufficient. Let the petitioner recover his costs. The petitionee has leave to answer*

*over on or before April 1, 1940, if it be so advised, failing which let entry go down of petition granted, the petitioner to give security in the amount of fifty dollars to prosecute the appeal.*