## In Re Corey's Estate.

Special Term at Rutland, November, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed January 4, 1944.

*Jerome, Graves & Graves* and *Collins M. Graves* for the petitionee.

*Lawrence & O'Brien* and *Victor A. Agostini* for the petitioner.

JEFFORDS, J. This is a petition brought to the Bennington County Court under P. L. 2109 for leave to enter an appeal from the determination of the commissioners appointed by the probate court for the district of Manchester on the estate of Fred S.

450

Corey. The petition was demurred to. The demurrer was over-ruled and the cause passed to this Court under the provisions of P. L. 2072.

The allegations in the petition as far as here material are as follows: Frank Montgomery presented a claim to the commissioners of the estate of Fred S. Corey which was disallowed. The report of the commissioners was accepted by the probate court. Montgomery within the time required by the statute (P. L. 3006) took an appeal from the report of the commissioners "to the next stated term of the County Court to be holden at Manchester, within and for the County of Bennington, on the 1st Tuesday of June A. D. 1942". A bond was filed and the appeal allowed by the probate court.

The administrator of Corey's estate filed a motion to dismiss the appeal on the ground that it was not taken "to the county court" as required by the statute (P. L. 3005). At the June term, 1942, of the Bennington County Court this motion was heard and granted and the appeal dismissed.

Between the time of the entering of the attempted appeal in the county court and the hearing in that court on the motion, Frank Montgomery had deceased and Helen Montgomery had been appointed administratrix of his estate. At the commencement of the petition it is set forth that Helen Montgomery, administratrix of the estate of Frank Montgomery, is the petitioner.

It is alleged that upon her appointment as administratrix and before the hearing in county court on the motion to dismiss the appeal the petitioner filed her bond in the probate court to prosecute the then pending appeal and that the bond was accepted by that court.

The allegations which furnish the alleged grounds for the granting of the petition are set forth as follows:

"Your petitioner further shows that through fraud, accident and mistake, the Honorable Edward Griffith, Probate Judge for the District of Manchester, did use old form No. 57 (Application for Appeal) which contained the following '* * * 'to the next stated term of the County Court to be holden at,' and that Victor A. Agostini, did, through accident and mistake, insert in said form No. 57 aforesaid 'holden

at Manchester,, within and for the County of Bennington, on the 1st day of June A. D. 1942.'

Your petitioner therefore shows that by reason of the said accident or mistake of the said Probate Court and Victor A. Agostini, Attorney of Record, in filing said Application for Appeal on old Form 57, Petitioner has been deprived of her day in Court."

The petition is signed as follows:

Helen Montgomery Lillie
    Admx. Estate of Frank Montgomery.

Two grounds of the demurrer are not briefed and consequently are waived. *Kennedy* v. *Robinson,* 104 Vt 374, 376, 160 A 170. Those which are relied upon are as follows:

"That the said petition does not aver facts entitling the petitioner to relief under P. L. Section 2109.

That the ex-parte affidavits attached to said petition and attempted to be made a part thereof are not a part thereof and cannot be considered by the Honorable Court because said affidavits contain conclusions of law.

That fraud, accident or mistake alleged is that which, as a matter of law, is not fraud, accident or mistake.

That if no appeal was taken or entered, the petitioner was not prevented from taking and entering an appeal according to law by the Judge of the Probate Court, the Commissioners of the said estate of Fred S. Corey, or otherwise, other than by her unjustifiable negligence or the unjustifiable negligence imputable to her."

■ The statute under which the proceeding is brought is remedial in character and is to be construed liberally. A petition under it is addressed to the sound judicial discretion of the court to which it is preferred, and is governed by equitable principles,

so far as the positive provisions of the law allow. It submits to that court no question involving the ultimate rights of the parties, but only the question whether a wrong shall be averted by restoring a lost opportunity to litigate those rights. When the petition is challenged by demurrer, the strict rules of common law pleading are not to be applied, but, ordinarily, the allegations are to be construed liberally, with a view to substantial justice, and to getting at the real truth of the case. *In re Walker's Estate,* 100 Vt 366, 368, 369, 137 A 321. See also *Vilas* v. *Estate of Wortheim,* 111 Vt 152, 154, 11 A2d 264; *Collins* v. *Farley,* 80 Vt 144, 147, 66 A 713.

Under the liberal rule of construction above referred to, we think the allegations are sufficient. It is to be fairly inferred the petitioner alleges that through accident or mistake the wrong form for the appeal was furnished the attorney for the petitioner and that the attorney in turn by accident or mistake filled out and used this form in attempting to perfect the appeal. These allegations were not mere conclusions of law, as claimed by the defendant, but of the utimate facts to be established and thus were properly pleaded. 41 Am Jur p. 292, sec. 7; 49 CJ p. 40, sec. 16. See also *Parker* v. *B. & M. R. R.,* 84 Vt 329, 341, 79 A 865; *Ploof* v. *Putnam,* 81 Vt 471, 476, 71 A 188, 20 LRANS 152, 130 Am St Rep 1072, 15 Ann Cas 1151. If the mistake be one of law, as indicated by the defendant, such mistake is one for which the statute affords a remedy. *Green* v. *McCloud Co.,* 87 Vt 242, 244, 88 A 810.

The defendant contends that the failure to properly take the appeal was caused by the negligence of the attorney for the petitioner; that an attorney's negligence is to be imputed to his client; and that when such failure is brought about by negligence the statute does not apply. Several cases are cited in support of these two last contentions. We think, however, the allegations in the present case bring it within that class of cases wherein it is held that the question whether a mistake is of such a character in respect of negligence as justifies the court in setting aside a judgment ordinarily rests in its discretion. Included in this latter line of cases are *Mutual Life Ins. Co.* v. *Foster,* 88 Vt 503, 506, 93 A 258; *Green* v. *McLoud Co.,* 87 Vt 242, 244, 88 A 810; *East Montpelier* v. *Montpelier,* 65 Vt 193, 195, 26 A 112.

The allegations in the present case present a situation similar to that appearing in *Lillie* v. *Lillie's Estate,* 56 Vt 714, and in *Burton* v. *Barlow's Estate,* 55 Vt 434, cases wherein relief was granted under the statute. The case of *Webb* v. *State,* 90 Vt 65, 96 A 599, is also much in point as we are aware that prior to the decision in *In re Walker's Estate,* 112 Vt 148, 22 A2d 183, it was quite customary for probate courts to furnish, and for attorneys to use, the very form for an appeal (herein alleged to be No. 57) which was used in the present case. These latter cases are full authority for holding, as we do, that it cannot be said, as a matter of law, that the allegations here in respect to accident or mistake do not bring the case within the statute. There was no error in overruling the demurrer.

■ Although the affidavits referred to in one ground of the demurrer might well stand as against the stated objection to them, we have not considered that they were a part of the petition so far as subsequent pleadings were concerned, at least. Consequently the statements contained in the affidavits have been disregarded in our treatment of the demurrer. We assume the trial court adopted this same view of the matter.

The defendant claims that the lower court was without jurisdiction to pass upon the petition. This claim is advanced for the first time in this Court and four grounds are stated in its support. It is doubtful whether all of the grounds present jurisdictional questions which may be advanced here for the first time, but, without attempting to decide that matter, we will discuss the various grounds on which the defendant relies.

The first ground is to the effect that the petition was signed by a stranger as there is nothing in the petition to show that Helen Montgomery Lillie was the administratrix of the estate of Frank Montgomery. There is no merit to this claim. Although counsel for the petitioner, in order to avoid this question, should have seen to it that the correct name of the petitioner, and that only, was used throughout the petition, it is clearly apparent that "Helen Montgomery Lillie" and "Helen S. Montgomery" are one and the same person as "Helen Montgomery". It is not questioned that the latter is the administratrix of the estate of Frank Montgomery.

The next ground is to the effect that this appeal is attempted to be taken beyond the twenty day limit provided in P. L. 3005. The answer here is that the present proceeding is not being brought

under that section of the statutes but, as before noted, under P. L. 2109.

The next ground is to the effect that the recognizance required by P. L. 2114 has not been given. This section of the Public Laws is as follows:

> "A petition for a new trial or to enter an appeal shall not issue until a justice of the supreme court, the presiding judge, or a municipal judge of the court having jurisdiction of the same as the case may be, has taken sufficient security by way of recogni-- zance to the adverse party, which shall be minuted on the citation or petition, conditioned that, if the petitioner fails to prosecute his petition to effect or finally to recover in such action, *he* will pay the adverse party the intervening damages and costs accruing to him by reason of such petition."

The challenged recognizance reads as follows:

> "Victor A. Agostini recognized to the petitionee, the adverse party the sum of Fifty Dollars conditioned that if the Petitioner fails to prosecute her petition to effect or finally to recover in such action, *she* will pay the adverse party the intervening damages and costs accruing to him by reason of said petition; all in accordance with Section 2114 of the Public Laws of the State of Vermont.
>
> ORRIN B. HUGHES,
> Presiding Judge of Superior Court".

The defendant says there is no security by way of recognizance given by anyone, for by the use of the word "she", which we placed in italics in setting out the recognizance, Agostini did not agree that he would pay anything but merely stated that "she", referring to the petitioner, would pay, etc. Whether the recognizance as given is one contemplated by the statute depends upon what word in the statute is the antecedent of the personal pronoun "he" which we have italicized in setting out the sentence which constitutes P. L. 2114. A parsing of this sentence discloses that

the word "petitioner" appearing in the clause just preceding this pronoun is its antecedent. The petitioner here is a woman. Thus Agostini has recognized as security to the amount stated that if the petitioner fails to comply with the conditions of the recognizance she, the petitioner, will pay the adverse party the intervening damages, etc. Consequently the terms and conditions of the recognizance comply exactly with the provisions of the statute.

█ It should also be noted that the recognizance was taken before Orrin B. Hughes described as "Presiding Judge of Superior Court." The wrong title was given to Judge Hughes by some one as there are no "superior courts" in this state. We will take judicial notice, however, that at the time in question Judge Hughes was a Superior Judge whose duties included presiding over the sessions of our various county courts and that he was the presiding judge at the December term, 1942, of the Bennington county court during which term, apparently, this petition was entered in that court and the recognizance taken. *Hancock* v. *Worcester,* 62 Vt 106, 108, 18 A 1041. If the words "of Superior Court" had been omitted from the designation no fault could be found with the description. The quoted words may properly be treated as surplusage and disregarded.

The final claimed jurisdictional ground is that the present action is not one which survives to the administratrix. The defendant says that the present action is not among those set forth in P. L. 2854 nor is it an action which survived at the common law as it is not a common law remedy. But there is no question here of survival of actions. The petitioner is prosecuting an action commenced by Montgomery in his lifetime and her authority to so prosecute comes from the provisions of P. L. 2851.

*The judgment overruling the demurrer is affirmed with costs in this Court to the plaintiff and the cause is remanded.*