# In re Estate of Clara Gardner

[568 A.2d 401]

No. 86-574

Present: Peck and Dooley, JJ., and Barney, C.J., (Ret.) and Cheever, Supr. J., Specially Assigned

Opinion Filed October 13, 1989

*John F. Evers* and *Anna E. Saxman* of *Langrock Sperry Parker & Wool,* Middlebury, for Appellant.

*Keyser, Crowley, Banse & Facey,* Rutland, for Appellee.

**Peck, J.** One of Clara Gardner's heirs, Evelyn Lindquist, appeals the superior court's denial of her petition for leave to file an appeal out of time from an order of the probate court. We affirm.

On October 2, 1985, Clara Gardner died leaving a handwritten will dated March 9, 1980, naming as her heirs her nephew Caryl T. Adams and her niece Evelyn M. (Adams) Lindquist, with a codicil naming Caryl Adams as her administrator. Caryl Adams offered the will for probate, and a hearing was held in probate court on December 16, 1985. Mrs. Lindquist opposed allowance of the will, both in writing and at the December 16 hearing. However, the probate judge issued an order allowing the will on that same date, checking the box on the printed form indicating that no one contested the allowance of the will. The superior court found that petitioner was not given timely notice of the order allowing the will pursuant to V.R.P.P. 77(d).

Soon thereafter, the matter was transferred to Rutland Probate Court. On February 19, 1986, the Rutland court held a hearing to resolve the validity of the codicil, and Mrs. Lindquist filed her opposition to the codicil's allowance. On the same day, the probate court disallowed the codicil and wrote to a possible administrator, mentioning that the will had been allowed. The superior court found that the copy of this letter, which was sent to Mrs. Lindquist's attorney, was her first actual notice that the will had been allowed.

The superior court found that Mrs. Lindquist's attorney inquired of the Fair Haven Probate Court on March 12, 1986, whether the will had been allowed, and that he was informed that the court believed an order had been issued, but that the file had been transferred to Rutland. On April 2, 1986, a day or two after receiving a "definite response" from the Fair Haven Probate Court, he requested a copy of the order from the Rutland court. No order was sent to him and he took no further action to obtain one until he was at the court for a hearing on May 13. On receiving the order, he filed a notice of appeal on June 2, 1986. Mr. Adams moved to dismiss the appeal on grounds of untimeliness. Mrs. Lindquist responded on August 27, 1986, with a petition to file the appeal out of time.

■ Although V.R.P.P. 77(d)[1] required the court to give Mrs. Lindquist notice of the will allowance, failure to comply with the rule does not affect the time to appeal, nor does it authorize the probate court to excuse a party's failure to appeal within the time allowed. Probate Rule 77(d) allows such relief only as permitted by V.R.C.P. 72,[2] which, in turn, refers to V.R.A.P. 3 and 4. The Reporter's Notes to V.R.C.P. 72(a) and to V.R.A.P. 26(b), however, state that the superior court retains the power to enlarge the time for probate appeals pursuant to 12 V.S.A. § 2357. Grounds for such a petition are fraud, accident or mistake. 12 V.S.A. § 2357.

In its consideration of the petition, the superior court noted that petitioner was not given timely notice of the order allowing the will by the probate court. Our cases applying 12 V.S.A. § 2357, all of which antedate the adoption of the Rules of Probate Procedure, suggest that the probate court's initial failure to provide notice of its order allowing the will could have supported the grant of a petition to file an appeal out of time, see, e.g., *Vilas v. Estate of Wortheim*, 111 Vt. 152, 11 A.2d 264 (1940); *In re Estate of Prouty*, 107 Vt. 496, 503–04, 181 A. 134, 137–38 (1935). We need not address the effect, if any, of the adoption of V.R.P.P. 77(d) on this line of cases, because the superior court denied relief on other grounds. The court found it significant that the appeal was not filed promptly after petitioner was placed on actual or inquiry notice of the order allowing the will.

■ We cannot say that the superior court abused its discretion in concluding that the delay attributable to petitioner in filing the appeal, whether measured from the late February letter or from receipt of the order on May 13, provided grounds for

---

[1] V.R.P.P. 77(d) provides in relevant part that

"[l]ack of notice of the entry by the register does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed . . . .

[2] V.R.C.P. 72(a) states that

[a]ny party entitled thereto by law may appeal to a superior court from a decision of a probate court by filing with the register of the probate court a notice of appeal in the manner and within the time provided in Rules 3 and 4 of the Rules of Appellate Procedure as modified herein.

denying her petition. The decision of the superior court in the exercise of its discretion on a petition under 12 V.S.A. § 2357 is "not reviewable unless its findings are unsupported by evidence or it treats as accident or mistake that which as a matter of law is not." *In re Walker's Estate*, 100 Vt. 366, 369, 137 A. 321, 323 (1927). No argument has been made here that the superior court's findings are unsupported by evidence, nor has the court treated as accident or mistake that which is not. It is within the superior court's discretion under 12 V.S.A. § 2357 to distinguish delay due to a petitioner's inaction from delay due to accident or mistake, and to deny relief on that basis. *Thayer v. Thayer's Estate*, 97 Vt. 23, 25, 121 A. 439, 440 (1923); *Burbeck v. Little*, 50 Vt. 713, 715 (1878).

*Affirmed.*